PATRICK COMERFORD'S CASE.

Suffolk.    February 5, 1918. — March 2, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

If a teamster was sent with a team by his employer, a master teamster, to transport for a contractor, who was a subscriber under the workmen's compensation act, concrete window sills, wheelbarrows, picks and shovels to a place in a neighboring town where the contractor was constructing a garage, and if the carrying of building material and appliances from the subscriber's yard to the place where the building was to be erected was a part of the trade or business carried on by the subscriber as a building contractor and was not merely ancillary and incidental to the work of constructing the building, an injury to such teamster from having one of the concrete window sills slip and fall upon him as he was assisting in loading it on his team at the contractor's yard is within the provision of St. 1911, c. 751, Part III, § 17, entitling an employee of a subcontractor to compensation under the act.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Patrick Comerford, an employee of one Connors, a master teamster, who was injured on May 6, 1915, when assisting in loading a concrete window sill upon his team for transportation to Mattapan to be used by the McDonald and Joslin Company in the construction of a small brick garage there.

The case first was heard in the Superior Court by *Wait*, J., who made a decree in accordance with the decision of the Industrial Accident Board, and on appeal to this court, in a decision reported in 224 Mass. 571, it was ordered that the case should be recommitted to the Industrial Accident Board, where the employee might move for a hearing and for the introduction of further evidence upon the question whether the work performed by him was a part of the business of the McDonald and Joslin Company or was merely ancillary and incidental thereto.

Such a motion having been made and granted, there was a further hearing before the Industrial Accident Board, who made an award granting the employee compensation under St. 1911,

c. 751, Part III, § 17, and the insurer appealed to the Superior Court, where the case was heard by *Wait*, J. The findings of the board at the new hearing and the evidence on which they were based are described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

The case was submitted on briefs.

*N. F. Hesseltine & J. F. Scannell*, for the insurer.

*E. M. Shanley*, for the employee.

CARROLL, J. The previous decision in this case, reported in 224 Mass. 571, recommitted the case to the Industrial Accident Board for the introduction of further evidence upon the question, whether the work performed by Comerford was a part of the business of McDonald and Joslin Company or was merely ancillary and incidental thereto.

The board found that the employee, Patrick Comerford, was employed as a teamster by Connors, an independent contractor; and that the subscriber, the McDonald and Joslin Company, engaged Connors to furnish a teamster to cart material, tools and supplies from its yard to the site of a building it was erecting at Mattapan.

On the morning of May 6, 1915, Comerford drove to the subscriber's yard, and while engaged there in moving a window sill which was to be used in the construction of the building, he was injured. The subscriber, a firm of building contractors, was accustomed to employ an independent contractor to carry its material, tools and supplies from its yard to the place where they were to be used. The board found that the "conveyance of picks, shovels, wheelbarrows and of constructed and fabricated parts of a building from the storehouse of the subscribers to the premises where they are to be used, or are to be combined into a proposed structure which the subscribers have undertaken to erect, is a part of the business of such subscribers," and awarded the plaintiff compensation.

If a subscriber makes a contract with an independent contractor to do the subscriber's work and the insurer would be liable to pay compensation if such work was executed by an employee of the subscriber, it is required to pay such compensation to the employee of the independent contractor, if the work is a

part of "or process in" the trade or business carried on by the subscriber, and not merely incidental or ancillary thereto, and if the injury occurs "on, in, or about the premises on which the contractor has undertaken to execute the work for the subscriber or which are under the control or management of the subscriber." St. 1911, c. 751, Part III, § 17. Under this section the employee of a contractor can receive compensation, if the employee shows he was at work on premises under the control and management of the subscriber or where the contractor has agreed to perform the particular work, and, in addition, that his injury arose out of and in the course of employment which was a part of the subscriber's trade or business, and not merely incidental or ancillary to it. There was evidence to warrant the finding that the carrying of building material and appliances from the subscriber's yard to the place where the building was to be erected was a part of the trade or business carried on by the subscriber as a building contractor. Their removal was not merely ancillary or incidental to the work of constructing the building, and this work could not be contracted for so as to relieve the subscriber of the obligations imposed by the workmen's compensation act, even though it was customary for the subscriber to contract for the transfer of its materials. See *Knight* v. *Cubitt & Co.* L. R. [1902] 1 K. B. 31; *White* v. *George A. Fuller Co.* 226 Mass. 1.

It was undisputed that the injury occurred while the employee was upon the subscriber's premises which were under its control and management, and where the contractor had undertaken to carry on the work. And as this work was a part of the subscriber's trade or business, the decree awarding compensation to the employee is affirmed.

*So ordered.*