### DAVID X. FONTAINE'S (dependent's) CASE.

Suffolk.     November 24, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies, Employee of independent contractor.

The work of a teamster, who, as an independent contractor, was hired by a lumberman engaged in cutting logs on a wood lot to haul the logs to a mill for sawing, was the work of the lumberman and was not merely incidental or ancillary thereto within the meaning of G. L. c. 152, § 18; and the widow of an employee of the teamster, who,

while driving one of the teams loaded with such logs, received a fatal injury when a log slipped, was entitled to compensation by the insurer of the lumberman under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the dependent widow of David X. Fontaine.

Material facts are stated in the opinion. By order of *Gibbs*, J., a decree was entered in accordance with the board's decision. The insurer appealed.

The case was submitted on briefs.

*J. J. Mulcahy,* for the insurer.

*J. F. Casey,* for the claimant.

CARROLL, J. David X. Fontaine, employed as a teamster by Ford Putnam, died as a result of an injury received while working in the course of his employment. The insurer appealed from a decree of the Superior Court awarding compensation to his widow.

The subscriber was engaged in the lumber business. He testified that he "sets up a portable machine on the wood lot and cuts logs there, sometimes cuts wood. He hires the choppers to cut down the trees" which are sawed into suitable lengths and then are drawn to the mill where they are sawed into lumber; that he engaged Putnam "as teamster and he had two teams"; Putnam drove one team and Fontaine was the driver of a two-horse team attached to a wood sled loaded with logs; that one of the logs slipped, causing the injury.

By G. L. c. 152, § 18, if an insured person contracts with an independent contractor to do such person's work, and the insurer would be liable for compensation under the statute if such work were done by employees immediately employed by the insured, the insurer is to be held liable to pay compensation to the employees of the independent contractor. It is also provided that this section shall not apply to any contract of an independent contractor which is merely ancillary and incidental to the trade or business carried on by the insured.

Fontaine was injured in the course of the business of the insured. His employer was engaged to do the work of the insured, and this work was not incidental or ancillary to the business of the insured; it was the business in which he was occupied at the time. *White* v. *George A. Fuller Co.* 226 Mass. 1, and cases cited. *Comerford's Case*, 229 Mass. 573. The evidence shows that Putnam was an independent contractor as that term is used in the statute.

*Corbett's Case*, 270 Mass. 162, is to be distinguished. There the employee when injured was at work making repairs on the building of the insured. The employee was hired by Mitchell, who had contracted to make the repairs. This work was not a part of the business of the insured, but was merely incidental to it.

*Decree affirmed.*