JOHN W. MacALEESE'S CASE.

Suffolk. April 6, 1938. — June 29, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Workmen's Compensation Act,* Employee of independent contractor.

Evidence warranted a finding that removal by an uninsured independent contractor of a defective electric transformer from the plant of a milk dealer, insured under the workmen's compensation act, was "part of or process in, the trade or business" of the dealer and was not "merely ancillary and incidental" thereto within G. L. (Ter. Ed.) c. 152, § 18; and an employee of the contractor was entitled to compensation for injury suffered while doing the work.

CERTIFICATION to the Superior Court under the workmen's compensation act.

A decree granting compensation in accordance with a decision of the Industrial Accident Board was entered by order of *T. J. Hammond,* J. The insurer appealed.

*W. G. Reed,* for the insurer.

*A. S. Allen,* (*H. F. Wells* with him,) for the claimant.

LUMMUS, J. An employee of one Lamb, a rigger hired as an independent contractor by H. P. Hood & Sons, Inc., a milk dealer, to remove a defective transformer from its plant, received on October 22, 1936, "a personal injury arising out of and in the course of his employment" (G. L. [Ter. Ed.] c. 152, § 26), while removing the transformer. Lamb was not insured under the workmen's compensation act, but H. P. Hood & Sons, Inc., was, and the injured employee seeks compensation from the insurer of the latter. The Industrial Accident Board awarded compensation, and the Superior Court entered a decree therefor. The insurer appealed.

The right to hold the insurer of H. P. Hood & Sons, Inc., depends upon G. L. (Ter. Ed.) c. 152, § 18, which has been most recently considered in *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565. Under that section, the insurer came under

the same liability to pay compensation to the employees of Lamb as it would have been under to the employees of the insured if the work had been done wholly by them. But to produce that result, the work must have been the work of the insured, and the contract of Lamb must have been "part of or process in" the trade or business carried on by the insured, and not "merely ancillary and incidental" thereto. Moreover, the injury must have occurred "on, in or about the premises on which the contractor has undertaken to execute the work for the insured or which are under the control or management of the insured."

There was evidence of the following facts. The transformer in question was one of three used by the insured and necessary to the operation of its plant and business. Almost all the power used at the plant was electrical. The milk was cooled and pasteurized by electricity. The insured employed constantly a chief electrician and nine assistant electricians. The work of removing the defective transformer was dangerous. The electricians and other skilled employees of the insured warned Lamb's employees of the dangers, and directed the work. The employees of Lamb furnished unskilled strength. But we assume, as the parties have assumed, that the injured employee was the employee of Lamb and not of the insured.

The present case is not one where the work was the occasional construction or alteration of a building in which the insured carried on business. *Pimental v. John E. Cox Co.* 299 Mass. 579. See also *Pearce v. London & South Western Railway*, [1900] 2 Q. B. 100; *Wrigley v. Bagley & Wright*, [1901] 1 K. B. 780; *Bogoratt v. Pratt & Whitney Aircraft Co.* 114 Conn. 126. The work in the present case more nearly resembled the constant keeping of the plant in operating condition, usually undertaken by the proprietor of the business with his own employees. *People's Ice Co. v. Employers' Liability Assurance Corp.* 161 Mass. 122, 124. *Burt v. Munising Woodenware Co.* 222 Mich. 699. Compare *Corbett's Case*, 270 Mass. 162; *Fontaine's Case*, 274 Mass. 75, 77; *Hayes v. S. J. Thompson & Co.* 6 B. W. C. C. 130. The latter work has been held "in the usual course

of the . . . business . . . of" the insured employer, under G. L. (Ter. Ed.) c. 152, § 1 (4). *Hill's Case*, 268 Mass. 491. *Shannon's Case*, 274 Mass. 92. *Canning's Case*, 283 Mass. 196, 200. In *Cozzo* v. *Atlantic Refining Co*. 299 Mass. 260, a wall was being built by the insured with its own materials under the direction of its own servants, largely for the purpose of affording a place for a sign advertising its business, in accordance with its general practice of building such walls and using such signs in its many places of business. It was held that the contract with the contractor could be found "part of or process in" the trade or business of the insured, instead of merely "ancillary and incidental" thereto. For general discussions, see *Hockley* v. *West London Timber & Joinery Co*. [1914] 3 K. B. 1013; *Fox* v. *Fafnir Bearing Co*. 107 Conn. 189. In the present case we think the evidence warranted the finding made.

The decree is to be modified by correcting the erroneous statement that the employee was employed by the insured instead of by Lamb, and as so modified it is

*Affirmed.*