Tomasello, J.
This is a common law action of tort for injuries received by the plaintiff, an employee of the Ameri *485 can-Hawaiian Steamship Company, a corporation, whose duty it was to check cargoes received from ships as they were unloaded onto a certain pier. The defendant corporation at the time of the unloading was engaged in the business of employing longshoremen to unload these cargoes from the ships docking at the pier, under a contract with the American-Hawaiian Steamship Company. Both the defendant and the steamship company were insured under the Workmen’s Compensation Act, Massachusetts Gen. Laws, Chapter 152, and up to the time of the alleged accident, the plaintiff had not reserved his common law rights as to either.
The evidence disclosed that in the course of his work as a checker, and while approaching a loading board then being used by the employee of the defendant in unloading a cargo from a ship onto the pier controlled by the steamship company, for the purpose of notifying one of the longshoremen that he had deposited certain cargo in the wrong section of the pier, a heavy iron bar attached to the loading board was caused to be thrown off by an unobserving employee of the defendant, and struck the plaintiff.
The issues presented by the defendant’s requests for rulings as denied by the trial judge are whether the employment of the plaintiff was merely “incidental or ancillary” to the work of the defendant corporation so as to entitle the plaintiff to his common law action, or whether the defendant and the steamship company were “common employers” within the intent and meaning of the Workmen’s Compensation Act, so as to entitle the plaintiff only to his right to prqceed and receive compensation in accordance with the provisions of that Act.
Mass. Gen. Laws, Ch. 152 as amended, known as the Workmen’s Compensation Law, is designed to cover all claims for compensation flowing from personal injuries arising out of, and in the course of, employment by a com *486 mon employer insured under the Act and not to preserve for the benefit of the insurer, or of the insurer and those injured, liabilities between those engaged in the common employment which but for the Act would exist at common law. Pimental v. John E. Cox Co., Adv. Sh. (1938) 483.
With respect to the question whether an employer is entitled to protection as a party “other than the insured” within the compensation statute permitting an action at law to be brought against parties “other than the insured” who are legally liable for compensable injury, an insured employer is not the less a “common employer” nor the work a “common employment” though all or any part of the work is performed through an independent contractor or sub-contractor by workmen employed by such independent contractor or sub-contractor. Pimental v. Cox Co., Adv. Sh. (1938) 483.
Transportation implies the taking up of persons or property at some point and putting them down at another, Koshland v. Columbia Ins. Co., 237 Mass. 467, 472; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196 203; including unloading, transhipments, and such transfers as fairly may be incident to such carriage. Williams v. Mannheim Ins. Co., 237 Mass. 477.
The finding of the trial judge that the defendant company “was to receive and distribute cargo” implied of necessity that a person such as a checker would be required to see to it that such distribution should be properly made.
The unloading was “part or process in” the trade or business of the freight forwarding company’s work and was not “ancillary or incidental’-’ to such work, within the meaning of the compensation statute, so that the relationship of the two companies involved was one of “common employment” and the plaintiff was engaged in a “common *487 employment” within the meaning of Mass. Gen. Laws, Ch. 152, sec. 18, when injured. Fontaine’s Case, 274 Mass. 75.
The basic facts not being in dispute the alleged “finding” by the trial judge was really a ruling of law that the work of the plaintiff was merely “ancillary and incidental”— Williams v. Powell, 101 Mass. 467, Orr v. Keith, 245 Mass. 35, Graves v. Apt, 233 Mass. 587, Great Barrington Savings Bank v. Day, 288 Mass. 181, and was erroneous, and the plaintiff not having reserved his common law rights his sole remedy is under the Workmen’s Compensation Act.
The order is—
Judgment to be entered for the defendant.