GEORGE CARLSON *vs.* HENRY A. DOWGIELEWICZ.

Worcester.   September 25, 1939. — December 28, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Liability of one person engaged in common employment for injury to another, Action by insurer against negligent third person.

The insurer of a general contractor building a highway, after paying workmen's compensation to an employee of the insured struck and injured by a truck, which had brought materials to the site of the work for use there and was operated by an employee of an uninsured independent subcontractor, was barred because of § 18 of G. L. (Ter. Ed.) c. 152, from maintaining an action at law under § 15 in the name of the injured employee against the operator of the truck.

TORT. Writ in the Central District Court of Worcester dated April 8, 1935.

Upon removal to the Superior Court, the action was tried before *Dillon, J.* A verdict for the plaintiff in the sum of $14,784 was recorded subject to leave reserved, and

the judge thereafter ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

*M. Ruben*, (*J. C. McDonald* with him,) for the plaintiff.

*J. Joseph MacCarthy*, (*H. E. Manning* & *J. W. Ceaty* with him,) for the defendant.

Qua, J. This action is stated in the bill of exceptions to have been brought in the name of Carlson by the Massachusetts Bonding and Insurance Company under § 15 of the workmen's compensation law, G. L. (Ter. Ed.) c. 152, to enforce the alleged liability of the defendant as a "person other than the insured" for a personal injury sustained by Carlson on August 22, 1934, while working on a State road then under construction at West Boylston.

Mario Pandolf Company, Inc., had the contract from the Commonwealth for building the road. Carlson, while in the employ of that corporation, and while at work upon a machine for laying concrete paving, was struck and injured by a truck driven by the defendant and loaded with "aggregate" which had been brought to be dumped into the paving machine. The Pandolf Company had hired this truck with driver at $3 an hour from the defendant's brother, who owned it. The owner had procured the defendant to drive the truck. We assume, as argued by the plaintiff, that the owner of the truck was an independent contractor with the Pandolf Company, and that the defendant was an employee of his brother, the truck owner, and not of the Pandolf Company. The truck owner was not insured under the act. The Massachusetts Bonding and Insurance Company, as insurer of the Pandolf Company, has paid compensation to Carlson, presumably under § 15, for which it seeks to reimburse itself in this action. Under these circumstances regard must be had to § 18 of the act as well as to § 15. It is provided in § 18, within specified limitations, that if an insured person contracts with an independent contractor to do the work of the insured the insurer shall pay the compensation to employees of the independent contractor which would be payable to them if the independent contractor were insured and shall be entitled to recover indemnity from any other person

who would have been liable to such employees independently of this section.

This is a case where an employee (Carlson) of the insured general contractor (the Pandolf Company) has been injured by an employee (the defendant) of an uninsured independent subcontractor (the truck owner). In such a case the insurer who has paid compensation to the injured employee cannot recover in his name or otherwise against the defendant. This proposition is supported by precise statement and nearly, if not quite, by actual decision of this court. In *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, at pages 568–569, we said, "The insurance of the general contractor or 'common employer' . . . throws its shadow over the whole work. In that shadow (unless there has been a written notice under § 24 reserving common law rights) a cause of action for negligence causing a compensable personal injury cannot grow. . . . Since the insurance of the 'common employer' covers and protects all employees engaged in the 'common employment' . . . , one engaged in that common employment as contractor, subcontractor or employee cannot be a 'person other than the insured' within § 15, and the injured employee has no option to sue him at common law. An insurer, whether of the common employer or of a subcontractor, paying compensation to an employee, cannot recover over under § 15 against a negligent contractor, subcontractor or employee engaged in the 'common employment,' for the insurer succeeds only to the rights of the employee receiving compensation. . . . In the application of this rule, it is immaterial whether the subcontractors are insured or not. . . . The essential thing is the existence of a 'common employer' who is an 'insured person' under § 18 . . . , and who is having work done by contract in or about premises specified in § 18 . . . , which work is part of or process in his trade or business."

It is unnecessary to repeat here the somewhat elaborate line of reasoning which has led to this rule. Its development may be traced through the cases cited in *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, from which we have

quoted above. Reference may be made, however, to *White* v. *George A. Fuller Co.* 226 Mass. 1, *Bindbeutel* v. *L. D. Willcutt & Sons Co.* 244 Mass. 195, *Catalano* v. *George F. Watts Corp.* 255 Mass. 605, *Bresnahan* v. *Barre,* 286 Mass. 593, *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97, and *Caira* v. *Caira,* 296 Mass. 448. The case of *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, does not help the plaintiff. In that case there was no "common employer" insured under the act with respect to the work in question. See page 583.

In the case at bar the Pandolf Company was a "common employer" as that expression is used in this connection whose insurance threw its "shadow over the whole work," including the act of delivery by the defendant at the site of material to be used in building the road. This case falls within the scope of § 18 in that the contract between the insured and the truck owner was "part of or process in, the trade or business carried on by the insured" and in that the injury occurred "in or about the premises" on which the truck owner had "undertaken to execute the work for the insured." See *Doherty's Case,* 294 Mass. 363, 367–368; *Andrews* v. *Andrews,* [1908] 2 K. B. 567, 571. See now St. 1938, c. 102, amending § 18.

We do not discuss the plaintiff's contention that the Commonwealth was the "common employer" and was not insured under the act further than to say that it is plain that the Pandolf Company was a "common employer" as to all parties here involved and was insured. The existence of some uninsured "common employer" over and above the Pandolf Company, if it were a fact, could not help the plaintiff. See *Saxe's Case,* 242 Mass. 290. Compare *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579.

*Exceptions overruled.*