JAMES J. MEEHAN *vs.* HERBERT GORDON & another.

Berkshire.    September 17, 1940. — October 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Action by insurer against negligent third person, Employee of independent contractor, To whom act applies. *Negligence*, Of contractor, Invited person.

A clerk of the owner of premises on which a contractor was installing a vault did not become an employee of the contractor within the workmen's compensation act by opening the door of the vault with the combination at the request and for the accommodation of the contractor.

An insurer which had paid workmen's compensation to an injured employee of the insured was not precluded by the provisions of § 18 of G. L. (Ter. Ed.) c. 152 from maintaining an action under § 15 against a contractor whose negligence caused the injuries while the contractor was doing work for the insured, where such work was "merely ancillary and incidental to" and not "part of or process in" the insured's business and the employee's only connection with the work was in the performance merely of an act of coöperation and accommodation at the direction of the insured's manager in response to a request of the contractor.

Alterations by a contractor of a building of a gas company, insured under the workmen's compensation act, including installation of a vault and a door, were "merely ancillary and incidental to" and not "part of or process in" its business and were within the express exception to application of § 18 of the act.

A clerk of an owner of premises on which a contractor was installing a vault, requested by the contractor to open the door of the vault with the combination as a matter of accommodation, was an invited person to whom the contractor owed a duty of due care.

A finding of negligence of a contractor installing a vault toward a clerk of the owner of the premises whom the contractor had asked to open the

door of the vault with the combination was warranted by evidence that the door and its frame, which had not been affixed to the wall of the vault, were standing upright and unbraced, that they tipped over onto the clerk when he opened the door, and that the contractor did not warn the clerk of the danger of their tipping over which was known to the contractor but not to the clerk and was not obvious.

TORT. Writ in the Superior Court dated June 2, 1938.

The action was tried before *Burns,* J., and a verdict was returned for the plaintiff in the sum of $8,748.63. The defendants alleged exceptions.

The case was submitted on briefs.

*M. B. Warner,* for the defendants.

*F. M. Myers,* for the plaintiff.

QUA, J. This action is brought to enforce the alleged liability of the defendants for personal injuries suffered by Meehan on November 12, 1937, when the heavy door and frame of a brick vault fell upon him on premises which were being altered for the Northern Berkshire Gas Company.

Meehan was in the general employment of the gas company. He testified that he was chief clerk. He had not reserved his common law rights and, as we understand the record, has received compensation for his injuries under the workmen's compensation law from the gas company's insurer, for whose benefit this action is brought. G. L. (Ter. Ed.) c. 152, § 15. The defendants were engaged in the general contracting business. They had the contract with the gas company to make the alterations, including the installation of the vault and the door. They also carried compensation insurance. The issue before us is whether the evidence will support the verdict for the plaintiff. The defendants contend that the provisions of G. L. (Ter. Ed.) c. 152, § 18, have the effect of preventing recovery in this action, and also that quite aside from the workmen's compensation law the evidence is inadequate to establish a cause of action.

Section 18 is not a bar to this action. By virtue of that section an employee of a general contractor who has a contract with an insured owner, or an employee of a subcontractor under the general contractor, becomes entitled to

compensation from the insurer of the owner for whom the work is being performed, if the employee is injured while performing work included within the general contract; and the insurer in turn becomes entitled to statutory subrogation. But it is held that this right of subrogation arises only against persons "other than the insured," § 15, and that as a contractor, subcontractor or employee engaged in the "common employment" is covered by the insurance of the "common employer," each is a person insured and is not a person "other than the insured" and cannot be sued at law for a compensable injury. This theory is fully explained in *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, with citation of pertinent cases. See also *Bresnahan* v. *Barre*, 286 Mass. 593, 597; *Dresser* v. *New Hampshire Structural Steel Co.* 296 Mass. 97; *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260; *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579; *Carlson* v. *Dowgielewicz*, 304 Mass. 560. This rule applies in cases to which § 18 is applicable. But § 18 does not apply to this case. That section becomes operative upon the existence of a "contract, written or oral" to perform work for an insured person and upon an injury to some one employed by a contractor or subcontractor to execute part of that work, which injury arises out of and in the course of that employment. *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 582, 583. Here Meehan was employed by the "insured person," the gas company, and not by any contractor who had agreed to do work for the gas company. His only connection with the job of making the alterations arose from the circumstance that one of the defendants had asked the manager of the gas company if he would have his man come in and open the vault door with the "combination," which was known to the gas company, and that Meehan was injured while so opening the door at the request of the gas company's manager. Even if it was necessary that the door be unlocked before the door and frame could finally be set in a proper manner in the entrance to the vault as required by the contract, the evidence of mere accommodation and cooperation between the gas company and the defendants in

relation to this single act of unlocking the door fell far short of requiring a finding that Meehan had become the defendants' employee under a "contract of hire" within the definition of employee in the workmen's compensation law. G. L. (Ter. Ed.) c. 152, § 1, as amended. *Cameron v. State Theatre Co.* 256 Mass. 466. *McDermott's Case,* 283 Mass. 74, 75–76. *Scordis's Case,* 305 Mass. 94, 98. Meehan never became an employee of any person who had contracted to perform the work and so never came within the orbit of the "common employment."

Even if § 18 otherwise applied, this case would be taken out of its operation because of the express exception of contracts "merely ancillary and incidental to" and not "part of or process in" the trade or business of the insured. Making alterations in buildings does not appear to have been part of or process in the business of the gas company. There was no evidence that the gas company habitually performed such work. *Pimental v. John E. Cox Co. Inc.* 299 Mass. 579. Compare *Corbett's Case,* 270 Mass. 162, 166; *Cozzo v. Atlantic Refining Co.* 299 Mass. 260, 266–267; *MacAleese's Case,* 301 Mass. 25.

It follows that under § 15 an action otherwise well grounded can be maintained by the insurer against the defendants as persons "other than the insured," and that § 18 interposes no obstacle.

There was evidence from which the jury could find the necessary elements of a cause of action. Since the defendants for purposes of their own advantage had, in effect, invited Meehan to the premises where the defendants were performing the work, they owed to him a duty of due care. *Lyttle v. Monto,* 248 Mass. 340. *Statkunas v. L. Promboim & Son Inc.* 274 Mass. 515, 519. *Lawson v. Royal Riding Stables, Inc.* 305 Mass. 494, 498. Compare *Mikaelian v. Palaza,* 300 Mass. 354, 356. There was evidence of violation of this duty. The door and frame weighed sixteen hundred ten pounds. The frame, with the door shut and locked in it, stood upright in or near the opening in the vault wall in which it was to be set. Meehan testified that when he unlocked the combination and turned the handle

to make sure that the combination was in truth unlocked the door opened of itself and started tipping; that he could not hold it and tried to leap out of the way; that when he came to the door it stood upright "in position"; that he did not know as he looked at the door that opening it would "throw the center of gravity away"; that it was not obvious to him that the "whole thing would fall over"; that "it stood there without any indication it wasn't permanently fastened in." There was evidence that the frame and door had not been finally set in place; that they stood unsupported and unbraced; and that employees of the defendants who had been working upon them saw Meehan in front of the door but gave him no warning. There was other evidence from which the jury could have found that it was obvious that the frame and door had not been finally placed, and that, if the door was opened, it and the frame would become unbalanced and would fall, but the jury could accept Meehan's testimony and could find that he reasonably believed that it was safe for him to unlock the combination and to turn the handle and that he did not know that the door would then open and fall. They could further find that the defendants ought to have anticipated that some one would come to unlock the door in response to their request, and that due care required that they should either make the door secure for that purpose or should warn Meehan of the danger. *McCauley* v. *Norcross,* 155 Mass. 584. *Mahar* v. *Steuer,* 170 Mass. 454. *Gray* v. *Boston, Revere Beach & Lynn Railroad,* 261 Mass. 479, 482–483. *Brogna* v. *Capodilupo,* 279 Mass. 586, 590, 591. Upon this same evidence the issues of contributory negligence and assumption of risk were likewise for the jury. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *Pickwick* v. *McCauliff,* 193 Mass. 70. *Crimmins* v. *Booth,* 202 Mass. 17. *Pettingill* v. *William Porter & Son, Inc.* 219 Mass. 347, 349. *Keough* v. *E. M. Loew's, Inc.* 303 Mass. 364.

*Exceptions overruled.*