PETTINGELL, J. (Jones, P.J., & Sullivan, J.)
These are two actions of tort consolidated in one report. The minor plaintiff sues to recover for personal injuries occasioned by the negligence of the defendant. The action of the mother the other plaintiff, is for consequential damages. No issue is raised as to the damages in either case, the only issues presented being questions of law as to the procedure which the plaintiffs should have chosen to enforce their rights. There was a finding for each plaintiff.
During the trial a stipulation was entered into by counsel in which certain facts were agreed upon to be considered in determining the rights of the parties. It was agreed that the plaintiff did not reserve her common law rights under G. L. c. 152, s. 24.
The defendant's chief contention is that the actions cannot succeed because the minor plaintiff is an employee who has not reserved her rights at common law. It was admitted by the stipulation entered into by counsel that the plaintiff’s employer carried Workmen’s Compensation Insurance, that her employer was employed by the defendant, who also carried Workmen’s Compensation Insurance. Thus there was a “common employer” who was an “insured person” as in the cases of Dresser v. New Hampshire Structural Steel Co., 296 Mass. 97; Cozzo v. Atlantic Refining Co., 299 Mass. 260; Clark v. M. W. Leahy Co., Inc., 300 Mass. 565; and Carlson v. Dowgielewicz, 304 Mass. 560.
There are two issues of fact which if determined adversely to the defendant, are decisive of the case. Caton v. Winslow Bros. & Smith Co. Mass. Adv. Sh. (1941) 925, 27 B.T.L. 42. If the employee’s employer was an independent contractor as that term is used in G. L. c. 152, s. 18, and if the work that employer was to do under his contract with the defendant was work which was a part of the defendant’s regular trade or business, and not work merely ancillary or incidental thereto, the employee plaintiff cannot recover at common law, such an employee’s recovery being only under G. L. c. 152, s. 18. Pimental v. John E. Cox Co., Inc., 299 Mass. 579; Clark v. M. W. Leahy Co., Inc., 300 Mass. 565, 569; Carlson v. Dowgielewicz, 304 Mass. 560.
*2 The- first issue to be considered is the nature of the contract between the plaintiff’s employer and the defendant. The issue is raised by the denial of the defendant’s third requested ruling, that
“A finding that the defendant was a general contractor and the A. & S. Luncheonette Co. (the plaintiff’s employer) and independent or subcontractor within the provisions of Section 18 of Chapter 152 of the General Laws is legally warranted by the evidence.”
The contract defines several things that the A. & S. Lunch' eonette Inc. is not. It is not a partner with the defendant, nor a joint adventurer with it, nor is it a tenant. As to the employees of the A. & S. Luncheonette, Inc. the defendant is not a principal or master. These mentioned relations, however, do not determine the case. In this particular the issue is whether the A. 6? S. Luncheonette, Inc. was an independent contractor as contemplated by the statute, which must mean one, “who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being sub' ject to the control of his employer, except as to the result of .his work.” Bouvier Law Dictionary, Vol. II, (3d ed.) 1544. Crocker v. McLean, 300 Mass. 255.
From the point of view of G. L. c. 152, the A. 6? S. Lunch' eonette Inc. was an independent contractor. All of the at' tributes of that relation were present. No other finding was waranted by the evidence. That part of the defendant's third requested ruling should have been given.
The third request did not in terms raise the issue of the nature of the work done for the defendant, whether ancillary and incidental to the general work of the defendant or a part of its general trade or work. That request, however, specified that the A. 6? S. Luncheonette, Inc. was an independent contractor or subcontractor “within the provisions of s. 18 of c. 152 of the General Laws.” This reasoned out means, within the operation of the provisions of that section of c. 152. There can be no doubt that that was the interpretation in the mind of the trial judge, because of his ruling “that the plaintiff is not precluded from recovering by reason of G. L. c. 152, s. 18.”
The defendant operated a general store. Its primary and principal purpose was to sell things at a profit. “And the eus' tomary practice of a business of a person or corporation in carrying on its business has a material bearing upon whether a particular activity is a ‘part of ■ or process in’ the ‘trade or business,’ or ‘merely ancillary and incidental thereto’.”. Cozzo v. Atlantic Refining Co., 299 Mass. 260; Caton v. Winslow Bros. & Smith Co., Mass. Adv. Sh. (1941) 925, 27 B.T.L. 42. Very apparently the defendant was in business to make money by selling personal property. The contract with the A. & S. Luncheonette Inc. provided one way in which such sales were to be made in the defendant’s store at a substantial profit to the *3 defendant. The work called for by the contract was no venture foreign to the other business of the defendant. It supplemented that business and drew persons - there who might become customers in other departments. It was not a temporary arrangement but one of permanence, if it could be done at the price dictated by the contract. No one else but the defendant was benefited by it and the profits received went into the defendant’s general profit account and not to any capital investment in plant or equipment. It was not work to extend, alter or enlarge the premises but purely an enlargement of its other business.
We are of opinion that the facts place the case within the principle set forth in Commerford's Case, 224 Mass. 571. See also Clark v. M. W. Leahy Co., Inc. 300 Mass. 565; Macaleese’s Case, 301 Mass. 25.
The plaintiff’s injury was compensable under General Laws, Chapter 152. It was received in the course of the plaintiff’s employment on premises where the plaintiff had the right to be. Watkins v. New York, New Haven & Hartford R. R., 290 Mass. 448; Mannering’s Case, 290 Mass. 517, at 519. Sylvia's Case, 298 Mass. 27.
As there was evidence warranting the finding requested by the defendant, there was prejudicial error in the denial of the defendant’s third requested ruling considered with the "further ruling of the trial judge that the plaintiff was not precluded from recovery by G. L. c. 152, s. 18. The denial and the ruling, taken together, demonstrate that the trial judge was applying as the law of the case, principles of law which were not applicable to the evidence heard by him after his attention had been called by the third request to the proper rule of law applicable.
There having been prejudicial error in the denial of a ruling which should have been given, the finding for the plaintiff Diana Stratis, p.p.a. must be vacated. As the giving of that request would have necessitated a finding for the defendant, judgment should now be entered for it.
The other plaintiff, Lucy Stratis, stands in a different position. She was not an employee of any of the parties mentioned in G. L., c. 152, and that chapter does not apply to her. King v. Visolid Co., 219 Mass. 420, at 422, 425. Her action is at common law, unaffected by any statute, and is a right to recover for damage caused to her by the employee’s injury. McGreevey v. Boston Elevated Ry., 232 Mass. 347. She can recover upon proof of her daughter’s due care and the defendant’s negligence. Thibeault v. Poole, 283 Mass. 480.
Nothing in the report raises the issue of due care; the only issue of negligence is that raised by the defendant's fourth request, that a finding of negligence is not warranted by the evidence. As has been pointed out, it is admitted that the employee received her injury while she was properly on the premises where she was supposed to be as a part of her emplóy *4 ment and before she had ended her work. See, also, the cases already cited on the compensable nature of the employee’s injury. It is admitted that the defendant had exclusive control of the place of the alleged defect. The plaintiff’s daughter undoubtedly had the right of a business invitee in using the stairs. Watkins v. New York, New Haven & Hartford R. R., 290 Mass. 448, at 450. Re-statement of torts, Section 332 h. The defendant owed- her the same duty he owed his own employees. Stern v. Swartz, 283 Mass. 436.
The only issue of negligence raised by the fourth request is that the evidence did not describe an acttionable defect.
We are of opinion that there was evidence sufficient to warrant findings that there was an actionable defect and that the defendant was negligent in not discovering and remedying it. There was no prejudicial error in the denial of the defendant’s fourth requested ruling.
In the action of Diana Stratis, p.p.a., the finding for the plaintiff is to be vacated and judgment entered for the defendant.
In the case of Lucy Stratis, the report is to be dismissed.