HAROLD F. CANNON vs. C. A. CROWLEY.

Norfolk.     May 8, 1945. — June 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Employee of independent contractor. *Negligence*, Contributory, Shovel.

Evidence warranted a finding that the operator of a power shovel was negligent in lowering the bucket and thereby striking one attempting to stop the bucket from swinging, and did not require a finding of contributory negligence on the part of the injured person.

The fact, that the proprietor of a business, instead of having a certain operation in connection with his business performed by his own employees, has habitually let it out to an independent contractor, where the relation between such operation and the business is not clear, is a circumstance to be considered in determining whether the operation is in fact a part of or process in the business within G. L. (Ter. Ed.) c. 152, § 18.

The evidence, at the trial of an action against a general contractor for personal injuries sustained through negligence of an employee of the defendant while he was assisting the plaintiff, an employee of an independent contractor engaged by the defendant to transport a power shovel of the defendant, required submission to the jury of the question, whether the operation being performed by the plaintiff was a part of or process in the business of the defendant within G. L. (Ter. Ed.) c. 152, § 18.

TORT. Writ in the Superior Court dated September 16, 1942.

The action was tried before *Swift*, J.

*D. D. Leahy*, for the plaintiff.

*M. J. Dray*, for the defendant, submitted a brief.

RONAN, J. The plaintiff, an employee of one Dwyer, transported a gasoline power shovel, owned by the defendant and weighing about twenty tons, from Camp Edwards to Quincy on a trailer owned by Dwyer, and was injured, while the shovel was being unloaded, through the alleged negligence of an employee of the defendant. The judge, subject to the plaintiff's exception, ordered a verdict for the defendant.

Adopting as we must the view of the evidence most favorable to the plaintiff, we state the material facts which a jury could find. The defendant, a general contractor, who also operated a sand and gravel plant, owned two power shovels. With one of them he had finished excavating at Camp Edwards, and he then made arrangements with Dwyer to transport the shovel to Quincy. The defendant had no equipment for moving the shovel. For twelve or thirteen years prior to the accident, whenever occasion arose to move the shovel, he hired different concerns to do so. The defendant testified that it was impossible to drive the shovel from Camp Edwards to Quincy, a distance of seventy-five miles, over the public highways. When he made arrangements with Dwyer to move the shovel, he learned that Dwyer could furnish only one man; and as the defendant knew that the loading and unloading job required more than one man, he sent his brother and another employee, one Mann, to assist in this work. The plaintiff drove the trailer to Quincy, and the defendant's brother got into the cab of the shovel and backed it down over the skids to the highway. The bucket, which rested upon the front of the trailer, was attached to the end of the boom, which was about thirty-five feet long. The defendant's brother then raised the bucket by manipulating certain levers in the cab. The bucket swerved to the left and the plaintiff, fearing that it might strike an automobile, jumped up on the trailer and called to Mann to assist him, which he did. The plaintiff slipped upon some pebbles on the floor of the trailer as he and Mann were attempting to stop the bucket from swinging when the defendant's brother lowered the bucket, which struck and injured the plaintiff. Both Dwyer and the defendant were insured under the workmen's compensation act. The plaintiff did not reserve his rights at common law. It was admitted that the defendant's brother was acting within the scope of his employment while operating the shovel at the time of the accident.

The evidence was sufficient to support findings that the plaintiff was not guilty of contributory negligence and that

his injuries were caused by negligence of the operator of the shovel. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 434. *Dahlgren* v. *Coe,* 311 Mass. 18, 21. *Gregory* v. *Maine Central Railroad,* 317 Mass. 636, 640. This leaves for decision the principal contention of the defendant, that the plaintiff was engaged in performing work that was a part of the trade or business of the defendant and that he could not maintain an action at law against the defendant but had only the remedy provided by the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 18.

Under G. L. (Ter. Ed.) c. 152, § 18, an employee of an independent contractor who is performing a part or portion of the work of the principal employer may, if injured while executing the work, enforce payment of compensation by the insurer of that employer. The purpose of the section is to prevent that employer from escaping the obligation of the compensation act by letting out a part of his work to irresponsible subcontractors or independent contractors. But to come within the statute, the particular activity in which the employees of an independent contractor are engaged must be a "part of or process in" the trade or business conducted by the insured principal and not "merely ancillary and incidental" thereto. The character and nature of the business must be determined, and if the work done by an independent contractor is really a branch or department of that business or a process in the business, it constitutes a part of the business itself. If it is customary for those engaged in a similar business to perform the work by their own employees in the ordinary course of the business or if, whatever the custom is, one so engaged usually has such work performed by his own employees, then such work may be found to be a part of his business. *Shannon's Case,* 274 Mass. 92. *Canning's Case,* 283 Mass. 196. *Mac-Aleese's Case,* 301 Mass. 25. See *Hill's Case,* 268 Mass. 491; *Fontaine's Case,* 274 Mass. 75. An established practice of those engaged in a business similar to the defendant's to arrange for the transportation of power shovels by an independent contractor would be material evidence indicating that the transportation was not a part of the busi-

ness. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150. *Knight* v. *Cubitt & Co.* [1902] 1 K. B. 31. *Hockley* v. *West London Timber & Joinery Co.* [1914] 3 K. B. 1013. There was evidence that it was the invariable practice of the defendant to have the shovels carried by an independent contractor. Of course, one cannot shift liability to pay compensation to those injured in the performance of work that plainly is a part of his business by letting it out to an independent contractor, *Willard* v. *Bancroft Realty Co.* 262 Mass. 133; *Knight* v. *Cubitt & Co.* [1902] 1 K. B. 31, but where the relation between the work done by an independent contractor and the business is not so clear, the fact that the work has been habitually let out by the proprietor of the business and not done by his own employees in the usual course of the business is a circumstance to be considered in determining whether the work is in fact a part of the business. *Zugg* v. *J. & J. Cunningham Ltd.* [1908] Sess. Cas. 827. *Hockley* v. *West London Timber & Joinery Co.* [1914] 3 K. B. 1013.

One may be engaged in the business of transportation as was the plaintiff's employer, or one may conduct a business a part of which includes the transportation of materials fabricated for a building which he has undertaken to erect or the carriage of materials and supplies for the accomplishment of a project which he has contracted to perform. *Comerford's Case,* 229 Mass. 573. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565. *Carlson* v. *Dowgielewicz,* 304 Mass. 560. *Dittmar* v. *Owners of Ship V 593,* [1909] 1 K. B. 389. In such cases the transportation is a part of the business. One may also be engaged in a business that cannot be conducted unless he can secure a supply of raw material or can ship the finished product to the various markets. It is hard to imagine a business that is not dependent in some way upon transportation. In such instances, while transportation is a necessity, it does not thereby become a part of or a process in the business but it continues as ancillary and incidental thereto. *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150. *McGrath* v. *Pennsylvania Sugar Co.* 282 Penn. St. 265. *Perkinson* v. *Thomas,* 158 Va. 699.

The distinction between work that is a part of a business and work that is merely incidental to it has been pointed out in our decisions. For instance, the occasional alteration of a building or the construction of a new one is ancillary and incidental to a manufacturing or banking business, but the alteration and construction of buildings would be a part of the business of a realty corporation engaged in the development of land and the erection of buildings and of a manufacturing concern that usually constructs buildings for the sale of its products. *Willard* v. *Bancroft Realty Co.* 262 Mass. 133. *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260. *Meehan* v. *Gordon,* 307 Mass. 59. *Bown* v. *Waterbury Battery Co.* 129 Conn. 44. *Davis* v. *Julian,* 152 Kans. 749. *Packett* v. *Moretown Creamery Co.* 91 Vt. 97. An employee of an independent contractor who is injured by negligence of the principal while performing work that is only ancillary and incidental to the business conducted by the principal may bring an action at law against him for damages. *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150. *Alberts* v. *Brockelman Brothers, Inc.* 312 Mass. 486. *Spiers* v. *Elderslie Steamship Co. Ltd.* [1909] Sess. Cas. 1259. *Skates* v. *Jones & Co.* [1910] 2 K. B. 903.

No general rule can be laid down that a teamster or truckman employed by an independent contractor is or is not engaged in part of the principal's business. Each case must be judged by the pertinent principles of law as applied to the facts that could be found upon the evidence and the permissible inferences from those facts. Those facts and inferences vary in different cases. The decision ordinarily but not always rests in the domain of fact. See cases collected in 150 Am. L. R. 1242. To be sure, the business of excavating by means of a gasoline power shovel required the transportation of the shovel from place to place, but such transportation did not thereby as matter of law become a part of the defendant's business. The jury were not required to find that the transportation was anything more than ancillary and incidental to the business of operating a power shovel. There was error in directing a verdict for the defendant.

*Exceptions sustained.*