GIOVANNI BENCIVENGO *vs.* WALTER C. BENSON CO. INC.
(and a companion case [1]).

Suffolk.   Middlesex. · October 4, 1945. — January 31, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Common employment, Action against third
    person.  *Actionable Tort.*

The work of a truckman, engaged by a pipe company to transport pipe
    from its premises for delivery to a general contractor, who was in-
    sured under the workmen's compensation act and who had contracted
    with a town to furnish and lay the pipe and had purchased it from the
    pipe company to be delivered by that company, was not a part of the
    work of the general contractor within § 18 of the act, and an action
    against the truckman under § 15 of the act in the name of an em-
    ployee of the general contractor injured through negligence of the
    truckman in unloading the pipe at the site of the general contractor's
    job was not barred on the ground that the injured employee and the
    truckman were both in the "common employment" of the insured
    general contractor.

Two ACTIONS OF TORT.   Writs in the District Court of
Chelsea and the First District Court of Eastern Middlesex,
respectively, both dated April 14, 1937.

Upon removal to the Superior Court, the actions were
tried together before *Collins,* J.

The following is an excerpt from the defendants' bill of
exceptions: "At the close of the evidence the defendant
in each case duly filed a motion asking the court to direct
a verdict in the defendants' favor in each case.   To the
denial of each motion the defendant in each case duly
excepted.   At the same time the defendant in each case by
written motion moved that the question as to whether or
not the work being performed at the time of the accident
by Tomaszewicki and the plaintiff was ancillary and inci-
dental to the work of C. Reppucci & Co. under the terms
of the contract with the town be submitted to the jury.

---

[1] The companion case is by the same plaintiff against John J. Tomaszewicki.

The plaintiff opposed this motion on the ground that the question was one of law to be determined by the court and was not one for the jury to decide. The trial court sustained plaintiff's counsel in this contention, denied the motion of the defendant in each case, and the defendant duly excepted in each case. In submitting the case to the jury the court confined the issues solely to the negligence of the defendants, due care of the plaintiff, and damages. After the charge and before the jury retired the defendants excepted to the limitation of issues by the court and to the refusal of the court to submit the question as set out in the above motion."

*K. C. Parker*, for the plaintiff.

*S. P. Sears*, (*A. V. Sullivan* with him,) for the defendants.

QUA, J. These actions are brought in the name of an injured employee by an insurer which has paid him compensation under the workmen's compensation law, G. L. (Ter. Ed.) c. 152, to enforce for his and its benefit, under the provisions of § 15 of that chapter, the common law liability of the defendants to the employee. After a verdict for the plaintiff in each case, the judge entered verdicts for the defendants under leave reserved. The plaintiff and the defendants have filed bills of exceptions. The plaintiff complains of the entry of verdicts for the defendants under leave reserved. The defendants complain that if they were not entitled to directed verdicts in their favor at the trial, at least they were entitled to have the jury pass upon the question whether the work being performed by them at the time of the accident was ancillary and incidental to the business of the insured. See § 18.

General Laws (Ter. Ed.) c. 152, § 15, grants to an insurer which has paid compensation under this chapter the right to enforce in the name of the injured employee the liability of a "person other than the insured." Section 18, which must be read with § 15, provides in part that, if an independent contractor enters into a contract with an insured person to do such person's work, the insurer shall pay to employees of the independent contractor or of any subcontractor under him any compensation that would be

payable to such employees if their employers were insured persons, and that the insurer, upon paying such compensation, may enforce in the name of an injured employee the liability to him of any other person. This section further provides that it "shall not apply to any contract of an independent or sub-contractor which is merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured."

The words "person other than the insured" in § 15 have been held to mean a person, whether contractor, subcontractor, or employee, who is not protected by the insurance of the principal contractor or so called "common employer." It results that in the ordinary case where the employee has given no notice to preserve his common law rights in accordance with § 24, no action at law can be brought for a compensable injury by the employee, or by an insurer in the right of the employee, against a contractor, subcontractor, or employee engaged in the "common employment." *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565.

The following are set forth as facts in both bills of exceptions or appear in exhibits referred to therein: C. Reppucci & Co., hereinafter called Reppucci, were general contractors engaged in laying cast iron pipe under a contract with the town of Northbridge which required Reppucci to furnish the pipe. Reppucci purchased the pipe from Warren Pipe Company of Massachusetts, Inc. The Warren company had a contract with the defendant Walter C. Benson Co. Inc. whereby the Benson company agreed for a period of a year to transport pipe for the Warren company from the latter's plant in Everett to destinations determined by it. The invoices from the Warren company to Reppucci for the pipe read "F. O. B. Whitinsville, Mass." "via Benson Transfer." Uniform "straight" bills of lading were attached. The plaintiff was a common laborer in the employ of Reppucci. The defendant Tomaszewicki was an employee of the Benson company, the carrier.

Bencivengo was injured as the result of the fall of a pipe which was being unloaded at the scene of the job from a truck of the Benson company. It is agreed that there was

evidence to warrant findings that at the time of the accident the defendants were negligent; that the plaintiff was in the exercise of due care; and that the defendant Tomaszewicki was the servant of the defendant Walter C. Benson Co. Inc. and was acting within the scope of his employment. There was also evidence that employees of Reppucci and the defendant Tomaszewicki performed different parts of the work of unloading the pipes from the truck, and that Bencivengo received the pipes as they came down. Both bills of exceptions contain the statement that the Benson company had made numerous deliveries like the one when the accident happened, and on each occasion, including the occasion of the accident, employees of Reppucci, including Bencivengo, assisted the defendant Tomaszewicki in the unloading of the pipe from the trucks at the direction of, and with the knowledge and consent of, persons hired by Reppucci to supervise the work and labor on the job.

The defendants contend that they were engaged in a "common employment" with the injured employee; that all were under the "shadow" (300 Mass. at page 568) of the insurance of the general contractor, Reppucci; and therefore that they are exempt from these actions.

We think the defendants' contention is not sound. In our opinion the facts disclosed and the evidence are inconsistent with the idea that when Reppucci bought pipe from the Warren company, to be delivered by the latter, the contract of sale, purchase, and delivery was a contract by the Warren company to do Reppucci's work, even though Reppucci had contracted to furnish the pipe. No part of Reppucci's work was accomplished by the mere delivery of pipe at the job. Reppucci could have removed the pipe and used it elsewhere, if he substituted other pipe. If a surplus of pipe was delivered it belonged to him. Neither do we think that this contract could be found on any evidence in this case to be "part of or process in, the trade or business carried on by" Reppucci. It was merely a contract to buy, sell and deliver pipe. Title to the pipe did not pass to Reppucci until delivery was complete. G. L. (Ter. Ed.) c. 106, § 21, Rule 5. The Benson company was transporting

and delivering the Warren company's pipe in behalf of the Warren company. It was not transporting and delivering any pipe in behalf of Reppucci. The delivery was as much a part of the seller's business and as little a part of Reppucci's business as was the making of the sale. It would be unreasonable to require a person engaged in business to provide insurance for the employees of all dealers who sell and deliver goods to him. We do not think it was intended by § 18 to bring within the "shadow" of every contractor's insurance every person who sells and delivers goods to the contractor however temporary and casual such person's contact with the contractor may be. What is now § 18 was inserted in the law for the purpose of preventing employers from defeating the act by hiring irresponsible contractors to carry on part of their work. *White* v. *George A. Fuller Co.* 226 Mass. 1, 4. *Cannon* v. *Crowley*, 318 Mass. 373, 375. That purpose would hardly be served by a sweeping extension of the section to cover the common case of the purchase of goods to be delivered by the seller.

The decided cases do not support the defendants' contention. In *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, and *Carlson* v. *Dowgielewicz*, 304 Mass. 560, upon both of which the defendants strongly rely, there was no sale. In the *Clark* case the general contractor simply hired the defendant to transport pipes from the railroad to the work. A finding that this was within the "common employment" was held warranted on the evidence. In the *Carlson* case the general contractor had employed another to deliver "aggregate" to a machine for laying concrete paving on the job. The opinion states (page 563) that this contract was part of or process in the trade or business carried on by the insured. It was not intended to imply that this statement rested upon the other facts stated in the opinion. Reference to the original record of that case shows that the statement rested upon facts in evidence, substantially admitted in the plaintiff's brief, to the effect that the general contractor himself operated a mixing plant about two and one half miles from the job, where he mixed the aggregate, and whence he procured it to be transported to the

scene of his work.   No argument was made in that case that the transportation was not part of or process in the contractor's business.   In *Comerford's Case,* 229 Mass. 573, the general contractors had engaged an independent contractor to transport their own materials from their own yard to the job, as they were accustomed to do.   A finding that this was part of their trade or business was held warranted.   Other pertinent cases are *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150, *Whitehouse* v. *Cities Service Oil Co.* 315 Mass. 108, *Cannon* v. *Crowley,* 318 Mass. 373, *Greenwald* v. *Wire Rope Corp. of America,* 131 Conn. 465, and *Employers Mutual Liability Ins. Co.* v. *Industrial Commission,* 224 Wis. 527.

If we assume, without deciding, that the evidence as to the customary manner of unloading had some tendency to disclose the boundaries established by understanding of the parties between the work of Reppucci and that of the Warren company or its carrier the Benson company, still that evidence had no tendency to show that by the contract of sale and delivery between the Warren company and Reppucci the carrying on of any part of Reppucci's trade or business had been entrusted to the Warren company.   The facts stated as such in the bills of exceptions required a ruling that § 18 did not apply.

In each case the plaintiff's exceptions are sustained, and the defendants' exceptions are overruled.   The verdicts entered by the judge under leave reserved are set aside. Judgments are to be entered for the plaintiff on the verdicts of the jury.

*So ordered.*