EDNA M. BOGNER, administratrix, *vs.* CASPER RANGER CONSTRUCTION COMPANY.

Hampshire.    September 16, 1952. — November 6, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Heavy object.

Evidence of the circumstances in which a heavy drop forge "way" lying on the floor of a motor truck and about to be moved out of the rear end of the truck onto a "tow-motor" by employees of a defendant started to move, apparently of itself, and struck and killed a person on the "tow-motor" assisting in the work did not warrant a finding of negligence on the part of the defendant's employees.

TORT. Writ in the Superior Court dated May 2, 1947.

At the trial before *Leary*, J., a motion for a directed verdict by the defendant was denied, and there was a verdict for the plaintiff. The defendant alleged exceptions.

*David H. Fulton*, for the defendant.

*Edward L. O'Brien & Arthur E. Quimby*, for the plaintiff, submitted a brief.

LUMMUS, J. This is an action of tort brought in the name of the administratrix of the estate of George O. Bogner, late of Northampton, to recover for his death on June 13, 1946, while he was helping the defendant install a heavy drop forge in the factory of the deceased's employer, the International Silver Company in Northampton, of which factory he was foreman, having only two superiors. The drop forge had been bought by the Silver Company from a firm in Hartford, Connecticut, and was being installed by the de-

fendant. The Silver Company owned a tow-motor, a heavy little truck on wheels, capable of lifting and moving objects up to two tons in weight. Part of the drop forge was called a "way." It was about eight feet long, and weighed somewhat less than two tons.

On the day of the accident the "way" was lying on the floor of a truck that had brought it to the factory, and had to be moved out of the rear end of the truck onto the tow-motor. The deceased was on one of two lifting forks on the front of the tow-motor when the way slipped from the truck, struck him, and caused his death. The Silver Company was a subscriber under the workmen's compensation act. Its insurer paid compensation for the death of the deceased, and brought this action to recover from the defendant. G. L. (Ter. Ed.) c. 152, § 15, as amended.

We need not consider whether the work done by the defendant which resulted in the death of the deceased was "part of or process in, the trade or business carried on by the insured," or merely "ancillary and incidental" thereto, making the defendant a "person other than the insured" and thus liable for negligence. G. L. (Ter. Ed.) c. 152, §§ 15, 18, as amended. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565. *Carlson* v. *Dowgielewicz,* 304 Mass. 560. *Meehan* v. *Gordon,* 307 Mass. 59. *Murphy* v. *Miettinen,* 317 Mass. 633. *Bencivengo* v. *Walter C. Benson Co. Inc.* 319 Mass. 110. *Dubois* v. *Soule Mill,* 323 Mass. 472. *Abbott* v. *Link-Belt Co.* 324 Mass. 673.

If it be assumed that the work was such that the defendant would be liable for negligence, the plaintiff could not recover without proving negligence. The heavy base of the "way" was toward the cab or front of the truck, and the lighter end was projecting about two feet out of the rear of the truck. There was no roller under the base of the "way," but there was a two inch steel roller under the lighter end near the rear of the truck, "chocked" with two tapering wooden wedges a foot long and four inches wide. Employees of the defendant were in the truck, but there was no evidence that they touched or moved the "way" while it was

in the position just described. The "way" started to move, apparently of itself, and killed the deceased.

The plaintiff, to prove negligence, relied on an expert witness named Gleason. He testified that the proper method of unloading a "way" is to put it on rollers and roll it over the tailboard down to the ground, holding it back by the use of a pulley block. But he did not know how the truck was constructed, and consequently could not tell how the pulley block could be attached to it. He admitted that a tow-motor was efficient for the moving of a "way" of the weight of the one in question. We do not find any evidence for the jury of the defendant's negligence. In our opinion there was error in denying the defendant's motion for a directed verdict in its favor.

*Exceptions sustained.*
*Judgment for the defendant.*