WALTER J. HOOPER *vs.* WILLIAM E. NOAKES & another.

Suffolk.    May 6, 1953. — July 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Common employment.

An action of tort by a porter employed by a local Packard automobile
    corporation, insured under the workmen's compensation act, against
    a foreign Packard automobile corporation, also so insured, and the
    foreign corporation's servant for personal injuries sustained by the
    plaintiff when, on premises occupied by the local corporation, he was
    struck by an automobile operated by the defendant servant was not
    barred by the doctrine of "common employment" where it appeared
    that the defendant servant at the time of the accident was operating
    the automobile in pursuance of field contact work which, although
    formerly performed by the local corporation, had been taken over
    prior to the accident by the foreign corporation as its own exclusive
    business and no longer the concern of the local corporation, and that
    the plaintiff was not an employee of the foreign corporation and had
    no connection with such field contact work.

TORT.    Writ in the Superior Court dated December 18,
1947.

The action was tried before *Kirk,* J.

*Roger B. Coulter,* (*Philander S. Ratzkoff* with him,) for
the defendants.

*Thomas B. Shea,* for the plaintiff.

LUMMUS, J.    The plaintiff brings this action of tort for
personal injuries sustained by him on December 27, 1946,
by being struck by an automobile on a floor of a building
on Commonwealth Avenue in Boston.    The automobile was

being operated by the defendant Noakes in the course of his employment as a servant of the other defendant Packard Motor Car Company, a Michigan corporation, hereinafter called Michigan. There was evidence that Noakes was negligent and the plaintiff careful, as the jury found. The jury found for the plaintiff against each defendant in the sum of $7,600. The only exception of the defendants is to the denial of their motion for directed verdicts in their favor.

The uncontradicted evidence was that the plaintiff, when injured, was working as a porter for Packard Motor Car Company of Boston, a Massachusetts corporation, hereinafter called Boston. The building was leased to Boston. Both Michigan and Boston were insured under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, and the plaintiff did not reserve his common law rights. From and after November 16, 1946, Michigan had assumed the doing of the field contact work by its own employees which had been formerly performed by Boston. Noakes, at the time of the accident, was driving an automobile owned by Michigan in the course of such field contact work, intending to drive to Lynn to visit an automobile dealer there. Such work could not be done in the building. It was exclusively the work of Michigan, and Boston had no part in it. The plaintiff was not engaged in that work, and was not an employee of Michigan.

The only ground upon which the defendants contend that the plaintiff cannot recover in tort is that Michigan entered into a contract with Boston to do a part of Boston's work which was a part of or process in the business carried on by Boston. In other words, the defendants rely on the doctrine of common employment, founded on G. L. (Ter. Ed.) c. 152, § 18, as it appears in St. 1939, c. 93, and discussed in *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, *Carlson* v. *Dowgielewicz,* 304 Mass. 560, *Meehan* v. *Gordon,* 307 Mass. 59, *Murphy* v. *Miettinen,* 317 Mass. 633, 635, *Dubois* v. *Soule Mill,* 323 Mass. 472, and other cases. We think that that doctrine does not apply. The plaintiff was not in the

employ of Michigan. The field contact work was not the work of Boston, but had been taken over by Michigan, as its own business with which Boston had no concern. The plaintiff had no connection with any field contact work. There was, we think, no error in denying the motion of the defendants for directed verdicts in their favor.

*Exceptions overruled.*