CHARLES BURNETT *vs.* HUBBARD-HALL CHEMICAL COMPANY & another. June 5, 1961.    Exceptions overruled.    In this action of tort for negligence there was a verdict for the plaintiff.    The sole question is whether the judge was in error in denying the defendants' motion for a directed verdict.    The defendant Wheeler was a truck driver employed by the defendant Hubbard-Hall Chemical Company.    At the request of Wheeler, the plaintiff agreed to help unload bags of lime which had been sold and were being delivered to a store in which the plaintiff was a salesman and manager.    The plaintiff was conferring a benefit on the defendants and

thus would be entitled to recover if he could show ordinary negligence on their part. *Jackson* v. *Queen*, 257 Mass. 515. *Taylor* v. *Goldstein*, 329 Mass. 161, 163. The jury might reasonably find that Wheeler was negligent in piling the bags of lime ten rows high, each bag weighing about fifty pounds, in such fashion that "there was nothing placed against these bags nor were they crisscrossed." The jury could draw a rational inference that the bags were all stacked in the same direction and that this was a negligent way to pile the bags. See *Howes* v. *Kelman*, 326 Mass. 696, 696–697. The jury would be warranted in finding further that the way in which the bags were piled was the cause of the bags toppling and pinning the plaintiff against the side of the truck causing him injury. Whether the risk involved in taking bags from the pile stacked by Wheeler was or should have been obvious to the plaintiff and whether the plaintiff assumed any risk were questions for the jury. *Meehan* v. *Gordon*, 307 Mass. 59, 63.

*Sturtevant Burr*, (*William C. Gardiner* with him,) for the defendants.
*John Landfield*, for the plaintiff.