ALFRED K. SAXE'S CASE.

Suffolk.    February 17, 1922. — July 1, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, To whom act applies. *Municipal Corporations*, Workmen's compensation.

The provisions of G. L. c. 152, §§ 18, 69–75, do not entitle an employee of an uninsured independent contractor to compensation for personal injuries received while engaged in performance of a contract of his employer with a city which has accepted the provisions of the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board dismissing a claim of Alfred K. Saxe for compensation by reason of injuries received by him while an employee of an independent contractor removing ashes and other material for the city of Medford, which had accepted the provisions of the act.

In the Superior Court, the claim was heard by *Sisk*, J., by whose order a decree was entered dismissing the claim. The claimant appealed.

G. L. c. 152, § 18, reads: "If an insured person enters into a contract, written or oral, with an independent contractor to do such person's work, or if such a contractor enters into a contract with a sub-contractor to do all or any part of the work comprised in such contract with the insured, and the insurer would, if such work were executed by employees immediately employed by the insured, be liable to pay compensation under this chapter to those employees, the insurer shall pay to such employees any compensation which would be payable to them under this chapter if the independent or sub-contractors were insured persons. . . . This section shall not apply to any contract of an independent or sub-contractor which is merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured, nor to any case where the injury occurred elsewhere than on, in or about the premises on which the contractor has undertaken to execute the work for the insured or which are under the control or management of the insured."

*G. C. Scott,* for the claimant.

*W. I. Badger, Jr.,* for the insurer.

BRALEY, J.   The finding, that at the time of the accident the claimant was an employee of an uninsured independent contractor, who was engaged in the performance of a contract with the city which it was empowered to make, having been warranted, the only question is whether he is entitled to compensation under G. L. c. 152, § 18.   By this section if an insured person enters into a contract with an independent contractor to do such person's work, or if such a contractor and the insured would, if such work were executed by employees immediately employed by the insurer, be liable to pay compensation to the employees, the insurer shall pay to such employees any compensation which would be payable to them if the independent contractor was insured.

We are of opinion that these provisions are inapplicable.   It was not until St. 1913, c. 807, that the workmen's compensation act was so extended as to include workmen, laborers and mechanics employed by counties, cities and towns, and districts having the power of taxation upon their acceptance of the statute as therein provided.   While the procedure and the jurisdiction of the industrial accident board are declared to be the same as under the provisions of St. 1911, c. 751, and acts in amendment thereof, the right to compensation is expressly limited "to such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employment."   And the codification found in G. L. c. 152, §§ 69–75, has made no material change.   The word "insurer," as used in § 18, is defined in § 1, cl. 7, "any insurance company which has insured the compensation payable by an employer under this chapter."   If the provisions for the benefit of employees of an uninsured independent contractor, who engages to do work for a subscriber, are to be extended to public employees putting them on a parity with employees who are protected under § 18, the change must be made by the Legislature; it cannot be supplied under the guise of implied construction.   *Clancy's Case,* 228 Mass. 316.   *Centrello's Case,* 232 Mass. 456.   *Chisholm's Case,* 238 Mass. 412.

*Decree affirmed.*