GEORGE W. STONE'S CASE.

Suffolk.   April 4, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, To whom act applies.

The provisions of the workmen's compensation act applicable to public employees, G. L. (Ter. Ed.) c. 152, §§ 69–75, are applicable to a farm laborer employed by the Commonwealth.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation, to be paid by the Commonwealth.

Material facts are stated in the opinion.   By order of *Greenhalge*, J., a decree in accordance with the decision of the board was entered.   The Commonwealth appealed.

*P. A. Dever*, Attorney General, & *J. P. Connolly*, Assistant Attorney General, for the Commonwealth, submitted a brief.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimant.

QUA, J.   The sole question argued and now presented for decision is whether an employee of the Commonwealth "doing regular farm work" on a farm "connected with" the Worcester State Hospital is entitled to compensation under those sections of the workmen's compensation law applicable to public employees.   G. L. (Ter. Ed.) c. 152, §§ 69–75.   We assume without deciding that the claimant was a "farm laborer" as those words are used in G. L. (Ter. Ed.) c. 152, § 67.

The contention of the Commonwealth is that the workmen's compensation act as it was originally passed (St. 1911, c. 751) contained provisions rendering it inapplicable to farm laborers and that the act by which it was extended to apply to public employees (St. 1913, c. 807) adopted those provisions by reference or by implication.

The original compensation act did not exclude from its

scope farm laborers. It applied in general to all employees, except those casually employed, and defined "Employee" as including "every person in the service of another under any contract of hire, express or implied, oral or written . . . ." St. 1911, c. 751, Part V, § 2. (See now G. L. [Ter. Ed.] c. 152, § 1.) All that act did to distinguish farm laborers from other laborers was to preserve to the employer his common law defences, when sued for personal injuries by a domestic servant or farm laborer. Part I, § 2. (See now G. L. [Ter. Ed.] 152, § 67.) Thus no inducement was held out to the employing farmer to insure under the act, and the practical effect was to leave entirely to his option whether to come in under it or not. *Keaney's Case*, 217 Mass. 5.

The act of 1913 whereby the principle of compensation was extended to public employees (see now G. L. [Ter. Ed.] c. 152, §§ 69–75), contains nothing which can fairly be con-. strued as importing into the later act the provision relative to farm labor which is contained in the earlier one. See *Saxe's Case*, 242 Mass. 290. Indeed it is difficult to see what reason could exist for such an exception in the later act, which applies only to the Commonwealth and to such local subdivisions as accept it.

On the other hand, the later act contains mandatory provisions requiring payment of compensation "to such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employment" (St. 1913, c. 807, § 1. See now G. L. [Ter. Ed.] c. 152, § 69), and further provides that "This act shall apply to all laborers, workmen and mechanics in the service of the commonwealth . . . under any employment or contract of hire, expressed or implied, oral or written . . . ." St. 1913, c. 807, § 6. See now G. L. (Ter. Ed.) c. 152, § 74. As a matter of plain English this language includes farm laborers with other laborers in the class entitled to benefits. See *Devney's Case*, 223 Mass. 270.

This situation is in no wise affected by subsequent amendments.

*Decree affirmed.*