### JOHN P. HURLEY'S CASE.

Middlesex.    November 10, 1938. — December 29, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Special fund, Public employees.

A city which had accepted the provisions of St. 1913, c. 807, was required, in the case of the death of an employee without dependents after receiving an injury within the workmen's compensation act, to make a deposit into the "special fund" under § 65 of the act as amended.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board.

A final decree was entered by order of *M. Morton*, J., in accordance with the board's decision. The city of Cambridge appealed.

The case was submitted on briefs.

*J. H. Smith*, Assistant City Solicitor, for the city of Cambridge.

*P. A. Dever*, Attorney General, & *W. J. Landergan*, Assistant Attorney General, for the Commonwealth.

DOLAN, J.   This is an appeal by the city of Cambridge (hereinafter described as the city) from a decree of the Superior Court ordering it to make, in accordance with a decision of the Industrial Accident Board, several payments, including a deposit of $250, into the "special fund, under G. L. c. 152, § 65."

The case was first heard before a single member of the board who ordered certain payments to be made by way of compensation, toward burial under G. L. (Ter. Ed.) c. 152, § 33, and for medical and nursing expenses. He made no order for payment by the city into the "special fund." The Commonwealth filed a claim for review and, after hearing, the reviewing board ordered that, in addition to the payments ordered by the single member to be made, the city be "required to deposit into the special fund under

G. L. c. 152, § 65, the sum of " $250.   It is agreed that the
employee sustained an injury arising out of and in the
course of his employment in the street department of the
city on January 13, 1936; that as a result he entered a
hospital, was operated on, and died on January 24, 1936,
leaving no dependents.

The only question for determination is whether the city
is required to make the deposit into the "special fund"
before referred to.   It is contended by the city that it is not
required to make such deposit since it is not an "insurance
company."

G. L. (Ter. Ed.) c. 152, § 65, as amended by St. 1935,
c. 395 (the effective statute at the time of the death of the
employee; but see now St. 1936, c. 162, and St. 1937, c. 394,
which increased the amount to be paid) provides that "For
every case of personal injury resulting in death covered by
this chapter, when there are no dependents, the insurance
company shall pay into the treasury of the commonwealth
two hundred and fifty dollars.   Such payments shall con-
stitute a special fund in the custody of the state treasurer
who shall make payments therefrom upon the written order
of the department for the purposes set forth in section
thirty-seven."

Section 37 provides that in cases of certain specified
injuries the compensation to the employee, or, if death
results, to his dependents, provided for by §§ 31, 32, 34 or
35, shall be paid in the following manner: "One half of such
compensation shall be paid by the state treasurer from the
fund established by section sixty-five, and the other half
by the insurer, but the additional compensation required by
section thirty-six shall be paid by the insurer."   (See now
St. 1937, c. 321, whereunder the compensation provided to
be paid by § 34A [added by St. 1935, c. 364] is brought
within the provisions of § 37.)

Under G. L. (Ter. Ed.) c. 152, § 69, as amended by St.
1933, c. 318, § 7, (but see now St. 1936, cc. 260, 403) it is
provided that the Commonwealth and any county, city,
town or district having the power of taxation which has
accepted St. 1913, c. 807, "shall pay to laborers, workmen

and mechanics employed by it who receive injuries arising out of and in the course of their employment, or, in case of death resulting from such injury, to the persons entitled thereto, the compensation provided by this chapter." By this section the provisions of §§ 70–75 are made applicable in such cases.

Section 70 provides in part that the procedure under §§ 69–75, inclusive (which relate to cases where the Commonwealth or any of its subdivisions having the power of taxation have accepted under authority of § 69, as amended, the provisions of St. 1913, c. 807), and the jurisdiction of the department of industrial accidents shall be the same as under §§ 1–68, inclusive, and that "the commonwealth or such . . . city . . . shall have the same rights in proceedings under said sections as the insurer."

Section 1 provides in part that the word "Insurer" wherever used in the chapter, unless a different meaning is plainly required by the context or specifically prescribed, shall have the following meaning: "any insurance company authorized so to do which has contracted with an employer to pay the compensation provided for by this chapter."

It is obvious that the city is not an insurance company and hence not an "insurer" within the meaning of c. 152. This, however, is not determinative of the city's rights and obligations under the statute, since they rest not upon being an insurer, but rather upon the provisions of § 70, whereunder there is secured to the city all the rights of an insurer under §§ 1–68, inclusive, and upon the obligation imposed upon it by § 69, as amended, to pay the same compensation to laborers, workmen and mechanics in its employ as is provided in the chapter in the case of employers other than the Commonwealth and its subdivisions that have accepted the provisions of St. 1913, c. 807.

Reading the statute as a whole, in the light of the principles governing its interpretation (see *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 426), we think it is clear that under § 70 the city is entitled to enjoy all the benefits that may accrue to an "insurer" out of the "special fund" under § 37, and that under § 69, as amended, in the circumstances

of the present case, it is under the same obligation as would be an "insurance company" in similar case to deposit in the "special fund" the sum of $250 as provided by G. L. (Ter. Ed.) c. 152, § 65, as amended by St. 1935, c. 395.

*Decree affirmed.*