### EDWIN STOLTZ'S CASE.

Hampden.    April 4, 1950. — April 27, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Insurance*, Coverage, Workmen's compensation insurance, Contribution among insurers. *Workmen's Compensation Act*, Insurance, What insurer liable, Public employees, Contribution among insurers.

Each of several policies of workmen's compensation insurance, taken out by a city which had accepted the provisions of St. 1913, c. 807, and, respectively, purporting to cover laborers, workmen, and mechanics in only one of the municipal departments, must be taken to cover the whole of the city's obligations under the act to laborers, workmen, and mechanics employed by it in all its departments, whatever limitations were written in the policies.

A decree of the Superior Court ordering an insurer under the workmen's compensation act of a city which had accepted the provisions of St. 1913, c. 807, to pay compensation to one of the city's laborers was modified so as to preserve the insurer's right to seek contribution from several other insurers, each of which, like the insurer ordered to pay compensation, had issued a policy to the city purporting to cover laborers, workmen, and mechanics in only one of the municipal departments.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Giles*, J.

In this court the case was submitted on briefs.

*J. H. Mulcare & N. M. Harvey*, for the Aetna Casualty and Surety Company.

*E. H. Wright*, for the American Casualty Company.

WILKINS, J. On this record this is a conflict between two insurers. On December 18, 1947, the employee received an injury arising out of and in the course of his employment by the city of Westfield, which had accepted the provisions of St. 1913, c. 807,[1] and, accordingly, was required to pay the compensation provided by the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 69, as amended. *Fallon's Case*, 322 Mass. 61, 62. The city did not become a self insurer,[2] nor did it insure all its employees covered by the act with one insurer. See *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, 642. Instead there were no less than five policies of workmen's compensation insurance, each purporting to cover a different department of the city. The two insurers who are parties to the present case are American Casualty Company, on a policy purporting to cover the public works department; and Aetna Casualty and Surety Company, on a policy purporting to cover the gas and electric light department. The record mentions three other policies, respectively purporting to cover the school, water, and aviation departments, but does not give the names of the insurers. There may be still other policies purporting to cover other departments.

The employee occupied the position within the classified civil service of deputy tree warden in the forestry department. This department as such does not appear to have been expressly covered by any policy of insurance. The employee's duties were mainly manual, and he was an em-

---

[1] See now G. L. (Ter. Ed.) c. 152, §§ 69–75.

[2] It does not appear whether the city accepted G. L. (Ter. Ed.) c. 40, § 13A, providing for appropriations to a workmen's compensation insurance fund.

ployee within the meaning of § 69. On the day of his injury he was temporarily assigned to the gas and electric light department, because the appropriation of the forestry department became insufficient to pay his salary toward the end of the fiscal year. He was engaged in performing work of the same character as he performed as deputy tree warden, such as cutting and trimming trees and brush. While he was engaged with other city employees working on trees along a high voltage line of the gas and electric light department, a dead limb which he was cutting with a power saw collapsed and struck the saw, causing it to strike and incapacitate him.

The single member decided that the employee at the time was employed in the gas and electric light department, and that the Aetna company was the insurer liable. The reviewing board reversed the decision of the single member, dismissed the claim against the Aetna company, and held the American Casualty Company liable. In so doing, the reviewing board stated, "The American Casualty Company does not dispute the fact that its policy covers the regular position of the employee as deputy tree warden." If material, this finding was not warranted by the evidence and cannot stand. On this record the employee was regularly employed in the forestry department, which was not part of the public works department. It was the latter department which the American Casualty Company's policy purported to cover.

In the Superior Court a decree[1] was entered adjudging

---

[1] "This cause came on to be heard at this sitting and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that in accordance with the findings and decision of the reviewing board of the Industrial Accident Board the employee is entitled to compensation at the rate of twenty-five ($25) dollars per week for personal injuries sustained by the employee arising out of and in the course of his employment with the forestry department of the public works department of the city of Westfield on December 18, 1947, whereby he was rendered totally incapacitated for work from January 22, 1948, to July 19, 1948; that the amount of compensation for the period of his total incapacity is six hundred thirty-five [*sic*] and 29/100 ($639.29), which amount the insurer of said public works department, the American Casualty Company, is ordered to pay forthwith.

"And it is further ordered, adjudged and decreed that the employee was not an employee of the Westfield gas and electric light department at the time

that the employee is entitled to compensation for injuries "arising out of and in the course of his employment with the forestry department of the public works department" of the city whereby he was incapacitated, and ordering the American Casualty Company to make payment; and also adjudging that the employee was not an employee of the gas and electric light department when injured, and dismissing the claim against the Aetna company. The American Casualty Company appealed.

For reasons already discussed, the decree, in so far as it describes the forestry department as part of the public works department, is erroneous. Nor is this an accurate recital of any finding of the reviewing board.

The employee admittedly is entitled to compensation, but the procedure afforded by G. L. (Ter. Ed.) c. 152, § 15A, as amended by St. 1934, c. 252, was not used.

In its decision the reviewing board said: "The city, as a single political entity, accepted the act by vote of its electorate and not by the individual departments into which it is organized. In so accepting the provisions of the act as to its laborers, workmen, and mechanics, the city became primarily liable to pay compensation to such employees and thus assumed somewhat the position of an 'insurer' (though not an insurance company in the strict sense of that term), assuming the liabilities and enjoying the benefits of the act (*Hurley's Case*, 302 Mass. 46). . . . But the city could not so insure its laborers, workmen, and mechanics in some of its departments and not such employees in others. If the city elected to so insure, it then assumed the position of any other employer subject to the act; i. e., if it insured at all, it was required to insure the whole of its obligations to the extent of its acceptance of the act (*Cox's Case*, 225 Mass. 220). . . . But it is our considered opinion that if the city insured at all with an insurance company, it was required to do so under a single policy of insurance contracted for

he received personal injuries on December 18, 1947; the insurer for which department was the Aetna Casualty and Surety Company and that employee's claim against said Aetna Casualty and Surety Company be and hereby is dismissed."

through its legislative and executive authority. . . . In the foregoing view, it is our opinion further that as matter of law any one of the multiple policies of workmen's compensation covering laborers, workmen, and mechanics of the city at the time of the employee's injury and constituting duplicate or manifold coverage might be selected and held liable to pay compensation on the instant claim (*Cox's Case*, 225 Mass. 220). In particular, either of the two insurers named in this record could be selected to thus pay, since they were both parties to this proceeding."

We are of opinion that these principles of law stated by the board are correct. *Cox's Case*, 225 Mass. 220. *Phalen's Case*, 271 Mass. 371, 372. *Shannon's Case*, 274 Mass. 92, 94–95. *Anderson's Case*, 276 Mass. 51, 52. *Wright's Case*, 291 Mass. 334, 335. *Employers Mutual Liability Ins. Co.* v. *Merrimac Mills Co.*, *ante*, 676. That the terms of the policies do not appear in the record is of no consequence. The employee has against an insurer all the rights which the workmen's compensation act gives him, whatever limitations are written in the policy. *Gould's Case*, 215 Mass. 480, 483. *Cox's Case*, 225 Mass. 220, 225. *Shannon's Case*, 274 Mass. 92, 94–95. *Wright's Case*, 291 Mass. 334, 335. See *Maryland Casualty Co.* v. *Taunton*, 294 Mass. 69.

It has been held elsewhere that where insurers of an industrial accident are concurrently liable there is a right of contribution among them. See *American Mutual Liability Ins. Co.* v. *Smith*, 67 Ga. App. 581, 585–587; *Brownfield* v. *Southern Amusement Co. Inc.* 198 So. 670, 674–675 (Ct. App. La.), *S. C.* 196 La. 74, 86–87; *Liberty Mutual Ins. Co.* v. *United States Fidelity & Guaranty Co.* 164 Md. 117, 124. As the question has not been argued, and conceivably not all the insurers are parties, we do no more than mention the point.

The American Casualty Company suggests that its contract of insurance was invalid for want of authority on the part of those purporting to bind the city. This does not appear in the record, however, and if confronted with the question, we would doubt that the ordinary principles of

contractual liability of municipal corporations would apply to declare insurers free from policies of insurance entered into ostensibly in compliance with the workmen's compensation act.

No question of legality has been argued.

The final decree is modified by striking out in the first paragraph the words "the forestry department of the public works department of" and "of said public works department"; and by striking out the second paragraph and substituting therefor a dismissal of the claim against the Aetna Casualty and Surety Company, without prejudice to any proceeding for contribution which American Casualty Company may choose to bring against Aetna Casualty and Surety Company and any other insurers under policies of workmen's compensation insurance for the city of Westfield, whether or not purporting to cover a department of the city; and, as so modified, the final decree is affirmed.

*So ordered.*