FRANCIS J. PETTITI *vs.* EDWARD J. McHUGH & SON, INC. (and a companion case[1]).

Norfolk.     October 4, 1960. — December 29, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* Common employment, Action against third person, Independent contractor, To whom act applies. *Negligence,* Motor vehicle, Tractor. *Proximate Cause. Commonwealth,* Workmen's compensation act.

Evidence in an action that the defendant, the operator of a tractor-compressor with jackhammer attached, parked the tractor at the site of highway resurfacing work, left it in gear with its brake "not tightly secured," and walked away, knowing that a third person was to use the jackhammer, and that the third person then started the engine and the tractor started forward and ran over the plaintiff standing near by warranted a finding of negligence on the part of the defendant toward the plaintiff which was the proximate cause of the plaintiff's injuries. [569]

Where a tractor-compressor with a jackhammer attachment and an operator, hired by the department of public works of the Commonwealth for use in resurfacing a highway, had been used at the site of the work for several weeks before a day when, by direction of the department's foreman, it was placed by the operator for use at a certain location on the site, at which it started forward due to the operator's negligence and ran over an employee of the department standing near by, a conclusion was required that the work of the operator was "part of or

---

[1] The companion case is by the same plaintiff against Ralph P. Coluntino, Junior.

process in, the trade or business carried on by" the department within G. L. c. 152, § 18, so that the injured employee was barred by the doctrine of "common employment" from maintaining actions of tort under § 15 against the operator and his employer, the owner of the machine. [570–571]

The Commonwealth is an "insured" with respect to the doctrine of "common employment" under G. L. c. 152, §§ 15, 18. [571]

Two ACTIONS OF TORT. Writs in the District Court of East Norfolk dated February 17, 1956, and March 6, 1956.

Upon removal to the Superior Court the actions were heard by *Murray, J.,* and were reported by him after findings for the plaintiff.

*Myron N. Lane, (Richard B. Lane* with him,) for the plaintiff.

*Bertram A. Sugarman,* for the defendants.

WILLIAMS, J. The plaintiff brings these two actions of tort to recover for personal injuries received on May 9, 1955, in Weymouth when struck by a tractor owned by the defendant Edward J. McHugh & Son, Inc. (McHugh). There was evidence for the plaintiff that he was employed by the Commonwealth's department of public works which was engaged in resurfacing a section of Route 3 and in connection therewith excavating a portion of the highway to install a catch basin. In order to break up the old pavement the foreman obtained from McHugh a tractor-compressor to which was attached a jackhammer. The department had its own compressors and "the usual tools, including pavement breakers," but no similar equipment where the compressor and hammer were combined in one unit. The tractor "with its equipment, oil, gas and operator" was hired on an hourly basis from McHugh. The operator was the defendant Coluntino. The jackhammer had been used on "the job" for about three weeks, the foreman of the department directing the operator where to use it. On the day of the accident the foreman directed Coluntino to go to the location of the catch basin and one Bollen, who was employed by the department as a chauffeur-laborer with a secondary rating of jackhammer operator, to go with him to operate the jackhammer. At the site of the work

Coluntino made a "U turn" and parked the tractor in the road close to the catch basin excavation. He shut off the motor, applied the brakes, and left the tractor in gear. He went a short distance to join other workmen in a "coffee break." The emergency brake was operated by the right foot and in order to keep the brake down it was necessary to push the pedal far enough to fit into a ratchet. Coluntino knew that Bollen was going to use the tractor. After Coluntino left, Bollen reached into the tractor and pulled the starter switch. "The engine kicked over, the brake lever snapped forward and the tractor started ahead." There was evidence that the brake lever had acted similarly before and that Coluntino had said that it should be fixed. Within a distance of several feet the tractor attained its maximum speed of about fifteen to twenty miles. It ran over the plaintiff who was standing in its path and seriously injured him. Coluntino ran behind it and brought it to a stop a few feet behind the plaintiff's body. The plaintiff filed a claim for workmen's compensation and received the statutory weekly compensation and various specific benefits provided by the compensation law.

The cases were referred to an auditor who found for the plaintiff in each case in a specified amount. They were then tried to a judge of the Superior Court sitting without a jury who found for the plaintiff in each case and assessed damages in the amount found by the auditor. At the request of the parties the judge consolidated the cases and reported them to this court on the following terms: "(a) If, as a matter of law, the court could find for the plaintiff on counts 1, 2, or 3 in the case of Pettiti vs. Edward J. McHugh & Son, Inc., judgment shall be entered for the plaintiff . . . . (b) If, as a matter of law, the court could find for the plaintiff on counts 1 or 2 in the case of Pettiti vs. Ralph P. Coluntino, Jr., judgment shall be entered for the plaintiff . . . . (c) If there was insufficient evidence to warrant a finding for the plaintiff, or if, as a matter of law, the evidence required a ruling (1) that the work of the defendant, Edward J. McHugh & Son, Inc., was 'part of or process in,

the trade or business carried on by the' department of public works of the Commonwealth, viz., the plaintiff's employer, within the meaning of G. L. c. 152, § 18, and the further ruling (2) that the plaintiff was barred from recovery under the doctrine of 'common employment' under G. L. c. 152, §§ 15 and 18, on the ground that he was in the employ of the department of public works of the Commonwealth at the time of his injury, then judgment shall be entered for the defendant Edward J. McHugh & Son, Inc. (d) If there was insufficient evidence to warrant a finding for the plaintiff, or if, as a matter of law, the evidence required a ruling (1) that the work of the defendant Coluntino's employer was 'part of or process in, the trade or business carried on by the' department of public works of the Commonwealth, viz., the plaintiff's employer, within the meaning of G. L. c. 152, § 18, and the further ruling (2) that the plaintiff was barred from recovery under the doctrine of 'common employment' under G. L. c. 152, §§ 15 and 18, on the ground that he was in the employ of the department of public works of the Commonwealth at the time of his injury, then judgment shall be entered for the defendant Ralph P. Coluntino, Jr.''

In the counts to which reference was made in paragraphs (a) and (b) of the report, count 1 in each case alleges that the plaintiff was injured by negligence in the ''operation, control, management and inspection'' of the tractor-compressor and by reason of its ''defective, dangerous and unsafe condition''; count 2 in each case alleges negligence generally; and count 3 in the McHugh case alleges the negligence of a person for whom the defendant was legally responsible.

The judge could find that Coluntino was negligent in leaving the tractor in gear at a time and place when and where he should have anticipated that Bollen would start the motor and that his negligence was the proximate cause of the plaintiff's injuries. The evidence was insufficient to warrant a finding on count 1 of either case that these injuries were caused by a defective condition of the brake.

It would be the result of mere conjecture to conclude that the tractor went forward because of such defective condition rather than, as the auditor found, because it "was not tightly secured" by Coluntino.

The principal questions presented by the report are whether the work in which Coluntino was engaged under the contract between McHugh and the Commonwealth was "part of or process in, the trade or business carried on by the" department and whether Coluntino was in the "common employment" of the department with the plaintiff under the provisions of G. L. c. 152, § 18. The issues are similar to those recently decided in *McPadden* v. *W. J. Halloran Co.* 338 Mass. 189. McHugh contracted to furnish a tractor-compressor with jackhammer attachment and operator to be used by the department in its highway work. The equipment was sent to the location of the work in Weymouth. It was there used under the direction of the department foreman for approximately three weeks. On the morning of the accident Coluntino accompanied by an employee of the department drove the tractor as directed by the foreman to the site of the projected catch basin where it was to be used in breaking up the pavement. Its use for such purpose was plainly "part of or process in, the trade or business carried on by the" department within the meaning of § 18. *Cozzo* v. *Atlantic Ref. Co.* 299 Mass. 260, 266. *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 567. *Carlson* v. *Dowgielewicz,* 304 Mass. 560, 563. An essential requirement for its effective employment was that it be placed in such a position that the jackhammer could be utilized. It was in the process of locating it as directed by the foreman that it was caused to start. This is not a case of the antecedent transportation of the tractor to the place where the work was to be performed (see *Caton* v. *Winslow Bros. & Smith Co.* 309 Mass. 150; *Cannon* v. *Crowley,* 318 Mass. 373; *Bencivengo* v. *Walter C. Benson Co. Inc.* 319 Mass. 110), but of its actual use as an integral part of the work for which it had been hired. It follows that in the process of operating the tractor Coluntino was in the common em-

ployment of the department with Bollen and with the plaintiff. The facts require such a finding and there is no evidence warranting a finding to the contrary. *McPadden* v. *W. J. Halloran Co.* 338 Mass. 189, 192. *Gauss* v. *H. N. Hartwell Co. Inc.* 338 Mass. 353. *Amorosso* v. *Farina Bros. Co. Inc.* 339 Mass. 595.

Although it has never been decided, there can be no doubt that the doctrine of common employment applies to the Commonwealth as well as to any other insured person. The Commonwealth is obligated by G. L. c. 152, § 69, to pay compensation to its injured employees (see *Stone's Case,* 290 Mass. 530) and is specifically defined as an insurer under the workmen's compensation law by § 1 (7), as amended by St. 1950, c. 277.[1]

In summary the evidence requires a ruling that the work of McHugh was "part of or process in, the trade or business carried on by the" department within the meaning of § 18 and a ruling that the plaintiff was barred from recovery under the doctrine of common employment. As a matter of law the judge could not find for the plaintiff on any of the counts in either case. Judgment is to be entered for each defendant.

*So ordered.*

---

[1] " 'Insurer', any insurance company, reciprocal, or inter-insurance exchange, authorized so to do, which has contracted with an employer to pay the compensation provided for by this chapter. The term 'Insurer' within this definition shall include, wherever applicable, a self-insurer, the commonwealth and any county, city, town or district which has accepted the provisions of section sixty-nine of this chapter."