CHARLES A. MOSCHELLA *vs.* CITY OF QUINCY.

Norfolk.    November 7, 1963. — February 28, 1964.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Common employment, Action against third
person, Independent contractor, To whom act applies.   *Municipal Cor-
porations,* Garbage collection, Workmen's Compensation Act.   *Practice,
Civil,* Appeal, Order for judgment.

A party to an action who has filed both a bill of exceptions and an appeal
with respect to a certain matter cannot pursue both methods of review.
[81]

Where an action was heard by a judge of the Superior Court on a written
stipulation constituting a case stated and he made a general finding, this
court treated the finding as an order for judgment and considered an
appeal therefrom.   [81]

Collection of garbage from containers outside dwellings in a city by an
independent contractor pursuant to a contract under G. L. c. 40, § 4,
with the city, which had accepted the provisions of § 69 of the Work-
men's Compensation Act, c. 152, was as a matter of law, within § 18 of
the act, "merely ancillary and incidental to, and . . . no part of or
process in" any work which the city itself was conducting, so that the
doctrine of "common employment" did not bar an action of tort against
the city under § 15 of the act by an employee of the contractor who was
injured by a defect in a public sidewalk in the city while collecting gar-
bage and who received workmen's compensation from the contractor's
insurer.   [83–84]   KIRK and SPIEGEL, JJ., were of opinion that the
doctrine of "common employment" was inapplicable on the ground that
the city was not an "insured person" within § 18.   [86, 88]

TORT.   Writ in the Superior Court dated August 11,
1961.

The action was heard by *Ford,* J.

*Paul R. Sugarman* (*Alan Chapman* with him) for the
plaintiff.

*Stephen T. Keefe, Jr.,* Assistant City Solicitor, for the
defendant.

CUTTER, J.   Moschella seeks damages from the city in
this action of tort under G. L. c. 84, § 15, for injuries sus-
tained on September 17, 1960, because of a defect in a pub-

lic way. The case was submitted on a written stipulation which meets the requirements of a case stated. See *Hayes* v. *Lumbermens Mut. Cas. Co.* 310 Mass. 81, 83; *Quintin Vespa Co. Inc.* v. *Construction Serv. Co.* 343 Mass. 547, 551–552. The judge made a finding for the city.

Moschella, who filed a bill of exceptions and an appeal (see G. L. c. 231, § 96), cannot pursue both methods of review. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 449. We treat the judge's finding as an appealable order for judgment (see *United States Plywood Corp.* v. *Pioneer Display Co.* 343 Mass. 150), dismiss the exceptions, and consider the appeal.

Apart from the workmen's compensation aspect of the case, all facts (as the city admits) are established which would entitle Moschella to recover under G. L. c. 84, § 15. Moschella was performing duties for his employer, Holbrook Livestock Farm, Inc. (Holbrook). While collecting garbage, he sustained serious injuries by reason of a defect in a public sidewalk which could have been found to have been controlled and negligently maintained by the city. The city was given timely notice.[1]

At the time of his injury, Moschella was employed by Holbrook, an independent contractor, to collect garbage from containers placed outside dwellings in the city. Before the contract with Holbrook became effective, the city had collected garbage, using its own employees and trucks. Moschella was one of a crew of four men, employees of Holbrook and not of the city, assigned to a truck owned by Holbrook. All were hired, paid, and supervised solely by Holbrook. The city made no independent charge to its inhabitants for the work done by Holbrook. The contract, Holbrook's "only material connection with the [c]ity," required Holbrook to provide workmen's compensation for all persons employed under the contract.

Moschella has received workmen's compensation benefits

---

[1] Neither party has raised the question whether Moschella at the time of his injury was a traveler on the public way. See *Wershba* v. *Lynn*, 324 Mass. 327, 330–331. We do not consider the question.

from Holbrook's insurer, which has taken no action against the city under G. L. c. 152, § 15. The city in 1953 had accepted the provisions of G. L. c. 152, § 69, as amended.[2] Moschella did not claim or receive workmen's compensation from the city.

The city contends that, as a common employer insured under G. L. c. 152, it is immune from an action brought by or on behalf of an injured employee of an independent contractor. Moschella contends that his injury was caused in "circumstances creating legal liability in" the city, that the city is "some person other than the insured," that Holbrook's insurer has not proceeded to enforce the city's liability, and that he may now do so in his own right under G. L. c. 152, § 15.

It is stipulated that if a judgment for Moschella is proper on the agreed facts, judgment is to be entered for him for $4,000. Otherwise judgment is to be entered for the city. There is no doubt that, on the stipulated facts, judgment for Moschella would be proper unless, as matter of law, he is barred by the so called "common employment" doctrine from obtaining judgment against the city.

The "common employment" doctrine was restated in *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 568, where it was said that c. 152, §§ 15, 18, and 24, "in combination have resulted in the establishment of a rule governing common law actions for personal injuries suffered by employees of" certain persons insured under the Workmen's Compensation Act. For present purposes the provisions of § 18 (as

---

[2] Section 69 (as amended through St. 1959, c. 555), so far as relevant to the issue before us, reads: "The commonwealth and any county, city, town or district having the power of taxation which has accepted . . . [St. 1913, c. 807] . . . shall pay to laborers, workmen and mechanics *employed by it* who receive injuries arising out of and in the course of their employment . . . the compensation provided by this chapter. . . . The terms laborers, workmen and mechanics . . . *shall include all employees of any such* city . . . who are engaged in work being done under a contract with the state department of public works, and *shall include other employees* . . . of *any such* . . . city . . . *to such extent as* . . . such . . . city . . . *shall determine* . . . . Any . . . city . . . which accepts this section may provide for payment of compensation of certain or all of its employees by insurance with an insurer, *subject, however, to the provisions and limitations of this section*" (emphasis supplied). Section 69 has been further amended by St. 1960, c. 655.

amended through St. 1939, c. 93) [3] set out in the margin are controlling. The common employment doctrine does not bar an action against the city under § 15, if Holbrook was engaged in an activity "ancillary and incidental to, and . . . no part of or process in, the trade or business carried on by the insured." We think that the garbage collection was ancillary and incidental to any work which the city itself was conducting. Garbage collection by a municipality is, of course, a permitted governmental function which may become commercial in character in some circumstances. See *Baumgardner* v. *Boston,* 304 Mass. 100, 106–110. In Quincy, however, although the city at one time had engaged in garbage collection, it no longer was so engaged at the time of the accident.

By the arrangement with Holbrook the city had used its authority (G. L. c. 40, § 4, as amended through St. 1958, c. 613, § 2A) to make a contract "for the exercise of [one of] its corporate powers," viz. "[f]or the disposal of its garbage . . . for a period not exceeding five years." See G. L. c. 40, § 1, for applicability of § 4 to cities. Although this service was in a sense a part of the city's operations and constituted a service provided for Quincy's residents without a separate charge, the city had no continuing direct participation in the work. That work could reasonably be

---

[3] Section 18 reads in part, "If an insured person enters into a contract . . . with an independent contractor to do such person's work, or if such a contractor enters into a contract with a sub-contractor to do all or any part of the work comprised in such contract . . . and the insurer would, if such work were executed by employees immediately employed by the insured, be liable to pay compensation . . . to those employees, the insurer shall pay to such employees any compensation which would be payable to them . . . if the independent or sub-contractors were insured persons. The insurer, however, shall be entitled to recover indemnity from any other person who would have been liable to such employees independently of this section; and if the insurer has paid compensation under this section, it may enforce, in the name of the employee or in its own name and for its benefit, the liability of such other person. . . . This section shall not apply to any contract of an independent or sub-contractor which is merely ancillary and incidental to, and is no part of or process in, the trade or business carried on by the insured, nor to any case where the injury occurred elsewhere than on, in or about the premises on which the contractor has undertaken to execute the work for the insured or which are under the control or management of the insured. The word 'premises' . . . shall include the public highways if the contract . . . necessitates the use of the public highways."

found to have become ancillary and incidental to the remaining directly handled municipal functions.   See *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 582–586 (construction of a terminal for a freight forwarder) ; *Cannon* v. *Crowley,* 318 Mass. 373, 375–377 (whether transportation of a general contractor's large power shovel by an independent trucker was "ancillary" was a question of fact for the jury) ; *Dubois* v. *Soule Mill,* 323 Mass. 472, 474–477 (study, survey, and overhauling of a heating plant of a factory).   See also *Harrington* v. *H. F. Davis Tractor Co.* 342 Mass. 675, 677–678 (informal agreement for demonstration on the job of a crane which owner wished to sell to a construction contractor).   Cf. *McPadden* v. *W. J. Halloran Co.* 338 Mass. 189, 192–193; *Van Bibber's Case,* 343 Mass. 443, 449.

Because we hold that there was no common employment, this is not a case where (see *Carlson* v. *Dowgielewicz,* 304 Mass. 560, 562), in any event, any compensation insurance (or liability as self-insurer) of the city, or of any common employer other than Holbrook, throws its "shadow over the whole work."   We thus do not reach two troublesome questions argued in the briefs, viz. (1) whether the city can be an "insured person" (see G. L. c. 152, § 1 [6]) or a common employer insured under the act (see italicized language of § 69, fn. 2, *supra*) for purposes of §§ 15, 18, and 24, and (2) whether there is any conflict between *Saxe's Case,* 242 Mass. 290, 291, and statements made in *Pettiti* v. *Edward J. McHugh & Son, Inc.* 341 Mass. 566, 571.

Since judgment for Moschella is proper, the order for judgment is reversed and judgment is to be entered for him in the sum of $4,000 in accordance with the stipulation. Moschella's exceptions are dismissed.   Mr. Justice Kirk and Mr. Justice Spiegel concur for reasons separately stated.

*So ordered.*

Kirk, J. (concurring)   Mr. Justice Spiegel and I agree that the plaintiff should recover.   It is our view, however, that the decision should rest on different grounds.   The

fact that the Legislature has placed the Commonwealth and its political subdivisions, of which the defendant city is one, in a separate and distinct category under the Workmen's Compensation Act (G. L. c. 152, §§ 69–75) should be the main premise upon which the opinion should be based. We think it is important that this approach should be used because, in our judgment, *Pettiti* v. *Edward J. McHugh & Son, Inc.* 341 Mass. 566, departs from the provisions of the Workmen's Compensation Act and is not reconcilable with decisions of this court relating to the status of the Commonwealth and its political subdivisions under that act. Specifically, the *Pettiti* case conflicts with *Saxe's Case,* 242 Mass. 290, which it does not mention. Because of this conflict, an exposition of the applicable law should now be undertaken with a view to suggesting the resolution of the conflict.

Before proceeding with the detailed consideration of the case before us, the following summary observation is offered: Having received workmen's compensation from his employer's insurer, the sole source of the plaintiff's right to recover against the city is G. L. c. 152, § 15. Under that section, if, as to the plaintiff, the city is an insured person (i.e., is *not* "some person other than the insured"), the plaintiff's right to recover in an action at law against the city does not exist. On the other hand, if, as to the plaintiff, the city is "some person other than the insured" (i.e., is not an insured person), the plaintiff's right to recover against the city is clear, and resort to the subjoined doctrine of common employment is unnecessary. Further, if it be the law that the city is under no obligation to provide, or cannot by law provide, workmen's compensation for the plaintiff, then the city is not an insured person as to the plaintiff, and he may maintain his action.

For expository purposes, however, it is advisable to start, as does the court, from a broad base, by reference to *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565. We state in full the same rule as quoted by Qua, J., in *Carlson* v. *Dowgielewicz,* 304 Mass. 560, 562. "The insurance of the

general contractor or 'common employer' . . . throws its shadow over the whole work. In that shadow . . . a cause of action for negligence causing a compensable personal injury cannot grow. . . . Since the insurance of the 'common employer' covers and protects all employees engaged in the 'common employment' . . ., one engaged in that common employment as contractor, subcontractor or employee cannot be a 'person other than the insured' within § 15, and the injured employee has no option to sue him at common law. An insurer, whether of the common employer or of a subcontractor, paying compensation to an employee, cannot recover over under § 15 against a negligent contractor, subcontractor or employee engaged in the 'common employment'; for the insurer succeeds only to the rights of the employee receiving compensation. . . . In the application of this rule, it is immaterial whether the subcontractors are insured or not. . . . The essential thing is the existence of a 'common employer' *who is an 'insured person' under § 18* . . ., and who is having work done by contract in or about premises specified in § 18 . . ., which work is part of or process in his trade or business'' (emphasis supplied).

For our purposes the significant words are the italicized words in the last sentence of the quoted rule. It is our opinion that the city is not an "insured person" under § 18. We base our opinion (a) upon the scheme of the Workmen's Compensation Act in the context of general tort liability; (b) upon the express terms of §§ 69–75; and (c) upon our decisions.

We note first the principle of nonliability, in the absence of statute, of the Commonwealth in general, and of its political subdivisions, in actions of tort for the negligence of their officers and employees in the performance of strictly public functions from which is derived no special corporate advantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited. *Bolster* v. *Lawrence,* 225 Mass. 387, 389–390. *Baumgardner* v. *Boston,* 304 Mass. 100, 106–109. *Molinari* v. *Boston,* 333 Mass. 394.

We note also that the Commonwealth and its political subdivisions are *not included within the definition of the word "employer" in G. L. c. 152, § 1.*[1] We note, too, and emphasize, that the act of 1913 (now G. L. c. 152, §§ 69–75) sets apart for separate consideration the employees of the Commonwealth and of its subdivisions as distinguished from employees in private industry. The act extended the principle of compensation to public employees; but it "applies only to the Commonwealth and to such local subdivisions as accept it." *Stone's Case,* 290 Mass. 530, 531. Section 70 of the act gives *jurisdiction* of cases arising under §§ 69–75 to the division of industrial accidents, prescribes that the *procedure* shall be the same as under §§ 1–68, and secures to the city all the *rights* of an *insurer* under §§ 1–68. *Hurley's Case,* 302 Mass. 46, 48. The obligation to pay workmen's compensation benefits by those who accept the act is imposed by § 69.[2]

We now consider our decision in *Saxe's Case,* 242 Mass. 290, 291, in which the court stated, citing earlier cases, that the "right to compensation [from a city which has accepted G. L. c. 152, § 69] is expressly limited 'to such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employment.' " It was held that an employee of an uninsured independent contractor, injured in the performance of his employer's contract with a city which had accepted § 69, was not entitled, under the provisions of § 18, to receive compensation from the city. The validity of that holding stands unimpaired by our decisions.[3] See *Stone's Case,* 290 Mass. 530, 531; *Carlson* v. *Dowgielewicz,* 304 Mass. 560, 563. The effect of the holding is that the city, having accepted § 69, assumed the obligation to pay compensation only within the prescribed limits of the section. That obligation extends only

---

[1] This exclusion from the definition of an "employer" as used in the act prompts the inquiry whether the Commonwealth or a subdivision can be considered a *common* employer under the act.

[2] See fn. 2 in the court's opinion.

[3] The city's reliance upon the language in *Collins's Case,* 342 Mass. 389, 393, is misplaced. There the claimant's decedent was admittedly an employee of the city and the only question was whether § 26 was applicable to him.

to its own eligible employees and to those covered by § 74.[4] It does not extend to employees of independent or subcontractors engaged in work under a contract with the city. The obligation of the city does not and cannot, under § 69, throw "its shadow over the whole work." The city therefore is not a common employer insured under the act and in consequence is not entitled to immunity against such actions at law within its limited sphere of liability, as may be brought by, or in the rights of, employees so engaged.

It would seem to be clear that the statute, our decisions, and the rule itself recognize that the purpose of the Workmen's Compensation Act (*Bresnahan* v. *Barre,* 286 Mass. 593, 597) cannot be carried out in all cases. "Otherwise there would be no room for the application of G. L. (Ter. Ed.) c. 152, § 15, under which an employee may . . . [proceed] in an action at law for damages against 'some person other than the insured.' " *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 584. The reasoning in the *Pimental* case (584–586) where the basis for immunity is analyzed (and recognized in *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565, 568) is here applicable and adaptable. It is the *fact* that there is an obligation to pay workmen's compensation, and the *further fact* that the *obligation must extend to all workmen on the job* whether or not immediately employed by the contractor which give the general contractor immunity to actions at law by other employees so engaged. Here the plaintiff is outside the scope of the obligation of the city under the statute to make workmen's compensation payment. In such a case there is no basis for immunity against the liability which is imposed upon the city by G. L. c. 84, § 15.[5]

Amendments to G. L. c. 152, since *Saxe's Case,* 242 Mass. 290, tend to confirm the conclusion which we reach. The definition of an "insured" or "insured person" in G. L.

---

[4] The city does not contend that the plaintiff comes within the terms of § 74.

[5] This liability is of course wholly statutory. *Wershba* v. *Lynn,* 324 Mass. 327, 331, and cases cited.

c. 152, § 1 (6), as amended by St. 1943, c. 529, § 2,[6] does not
include a city. The definition of an "insurer" in § 1 (7),
as amended by St. 1950, c. 277, § 2,[7] although it does include
a city, places the city in a different category from a "self-
insurer," and thus negatives the implication that a city,
even though payments are made from its own funds, is an
"insured" or "insured person." We construe the word
"insurer," in context, as being applicable to the Common-
wealth and to those of its political subdivisions which have
assumed the obligation to make compensation payments to
their employees from funds raised by taxation. Finally,
St. 1951, c. 610, § 2,[8] which added a paragraph to § 69 per-
mitting political subdivisions of the Commonwealth an al-
ternate method of providing for payment of compensation
to their employees, does not indicate a legislative intent to
extend the obligation of cities to pay compensation to per-
sons other than their own employees. On the contrary,
this added paragraph emphasizes that even though a politi-
cal subdivision should cover employees by a policy with an
insurance company (which thereupon would become the
"insurer") the coverage is to extend only to "laborers,
workmen and mechanics employed by it."

We now refer to *Pettiti* v. *Edward J. McHugh & Son, Inc.*
341 Mass. 566, where the court denied recovery to an em-
ployee of the Commonwealth who, having received compen-
sation payments, sought damages from an independent con-
tractor and its employee whose negligence caused the injury

---

[6] The amendment added the words "or is a self-insurer under subsection
2 (a) or 2 (b) of section twenty-five A." These subsections are not ap-
plicable to political subdivisions which accept § 69.

[7] As amended the definition reads: "(7) 'Insurer,' any insurance company,
reciprocal, or interinsurance exchange, authorized so to do, which has con-
tracted with an employer to pay the compensation provided for by this chapter.
The term 'Insurer' within this definition shall include, *wherever applicable,* a
self-insurer, the commonwealth and any county, city, town, or district which
has accepted the provisions of section sixty-nine of this chapter" (emphasis
supplied). See *Hurley's Case,* 302 Mass. 46, 48, and *Stoltz's Case,* 325 Mass.
692, 693, 695.

[8] "Any county, city, town or district which accepts this section may provide
for payment of compensation of certain or all of its employees by insurance
with an insurer, *subject, however, to the provisions and limitations of this
section*" (emphasis supplied).

to the Commonwealth's employee. The denial was on the basis that (a) the Commonwealth was the common employer of the negligent employee of the independent contractor, and (b) the Commonwealth was, as to the negligent employee, an insured person under the act. Specifically, the court said at page 571: "Although it has never been decided, there can be no doubt that the doctrine of common employment applies to the Commonwealth *as well as to any other insured person.* The Commonwealth is obligated by G. L. c. 152, § 69, to pay compensation to its injured employees (see *Stone's Case,* 290 Mass. 530) and is specifically defined as an insurer under the workmen's compensation law by § 1 (7), as amended by St. 1950, c. 277" (emphasis supplied).

It is respectfully submitted that nowhere in the statute is the Commonwealth defined as an "insured" or as "an insured person." G. L. c. 152, § 1 (6). It is likewise submitted that there is no authority in our decisions that the Commonwealth is like "any other insured person." Our cases, as noted, say the opposite. Further, the definition of the Commonwealth as an "insurer" is carefully circumscribed and can scarcely be the basis for a judicial construction that it thereby became an "insured." Since the burden of paying compensation to an injured employee of the Commonwealth or of one of its political subdivisions falls upon the taxpayers (G. L. c. 152, § 69), the holding of the court in the *Pettiti* case that the Commonwealth is the common employer of the negligent employee of the independent contractor, and that the Commonwealth is an insured person, exposes the Commonwealth and towns to an obligation to pay compensation to injured employees of uninsured independent contractors. The holding in *Saxe's Case* is precisely to the contrary. We think that the conflict should be resolved in favor of *Saxe's Case.*