JOSEPH R. COPPOLA *vs.* CITY OF BEVERLY.

No. 89-P-652.

Essex. November 15, 1990. - August 13, 1991.

Present: ARMSTRONG, BROWN, & JACOBS, JJ.

*Workers' Compensation Act*, Public employees, To whom act applies, Un-
insured employer. *Municipal Corporations*, Workers' Compensation
Act.

A school teacher injured in the course of his employment was not entitled
to bring a tort action against the city employing him solely on the basis
of the strict liability provisions of G. L. c. 152, § 66, where the city's
obligation to provide workers' compensation benefits to its teachers was
not mandatory but elective under G. L. c. 152, §§ 25A & 25B. [210-
213]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 13, 1988.

The case was heard by *Richard S. Kelley*, J., on a motion
for summary judgment.

*Steven H. Schafer* (*Andrew M. Levenson* with him) for
the plaintiff.

*Kevin T. Daly* for the defendant.

BROWN, J. The question on appeal is whether a city of
Beverly school teacher who has been injured in the course of
his employment may bring a civil action against the city
based solely on G. L. c. 152, § 66[1] (which recites certain
advantages afforded by the "Workers' Compensation Act"),

---

[1]Section 66, as amended through St. 1971, c. 700, § 1, states: "In an
action to recover damages for personal injury or consequential damages
. . . by an employee in the course of his employment . . . it shall not be a
defense: 1. That the employee was negligent; 2. That the injury was caused
by the negligence of a fellow employee; 3. That the employee had assumed
voluntarily or contractually the risk of the injury; 4. That the employee's
injury did not result from negligence or other fault of the employer . . . ."

when the city, a self-insurer, has not elected to provide workers' compensation benefits to its teachers.

The pertinent facts are as follows. The plaintiff was allegedly injured during the course of his employment as a school teacher for the city on January 27, 1986. The plaintiff has not returned to work. The plaintiff has not received workers' compensation benefits from the city even though the city has accepted the provisions of St. 1913, c. 807 (now G. L. c. 152, §§ 69-75) and self-insures its "laborers," "workmen," "mechanics," and "nurses," but has never taken the opportunity afforded by the 1939 revision of G. L. c. 152, § 69 (St. 1939, c. 435) to extend workers' compensation benefits to "teachers."

After learning that the city had not provided workers' compensation coverage for teachers, the plaintiff filed a complaint in the Superior Court on July 13, 1988, seeking damages in tort. The plaintiff's sole theory of recovery was that under § 66 of the Workers' Compensation Act (Act), the city was strictly liable. The city filed a motion for summary judgment, which was allowed on the grounds that G. L. c. 152, § 66, only applies to entities required to have insurance coverage pursuant to § 25A and the city was excluded from the requirements of § 25A by virtue of § 25B. The essence of the plaintiff's argument on appeal is that § 66 of the Act applies equally with respect to public and private employers and permits any public employee to bring a civil action against his public employer where such employer has failed to comply with the compulsory insurance provisions of § 25A.

Chapter 152, § 25A, provides that every employer, with the exception of the governmental entities enumerated in § 25B,[2] shall compensate its employees for job related injuries by obtaining compensation insurance, or by becoming self-insured in accordance with the procedure set out in subsections (1) and (2) of § 25A. The obligation to provide in-

---

[2]The relevant portion of § 25B, inserted by St. 1943, c. 527, § 7, provides that the provisions of § 25A "shall not apply to the commonwealth or the various . . . cities . . . provided for in [§§ 69 to 75], inclusive."

surance for the protection of employees under § 25A is "mandatory" with respect to private employers, but "elective" with respect to public employers.[3] Thus, where a private employer should have, but has not, become insured for workers' compensation, § 66 imposes liability on the employer, with the usual defenses eliminated, for injuries to its employees arising in the course of employment. *Barrett* v. *Transformer Serv., Inc.*, 374 Mass. 704, 705 (1978). See *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449, 450 (1991), and cases cited. However, the strict liability provisions of § 66 do not apply to employees of the Commonwealth and its local subdivisions for the reason, set out by Justice Kirk in his concurring opinion in *Moschella* v *Quincy*, 347 Mass. 80, 86-87 (1964), that St. 1913, c. 807 (now c. 152, §§ 69-75) "sets apart for separate consideration the employees of the Commonwealth and of its subdivisions as distinguished from employees in private industry." The rationale for treating "public" and "private" sector employees differently is derived, in large part, from long standing principles of governmental immunity from tort liability, in the absence of statutory exception. Section 69 of the Act departs from traditional immunity doctrine by extending the principle of compensation to cities within the Commonwealth, but only to such cities as have "accepted" the Act. *Id.* at 87. See also *Stone's Case*, 290 Mass. 530, 531 (1935). By voluntarily "accepting" the Act, a city (or town) effectively waives its common law immunity and thereby covenants to compensate its "laborers, workmen, mechanics, and nurses"[4] for job related injuries. Note 3, *supra*. See *Price* v. *Railway Exp. Agency, Inc.*, 322 Mass. 476 (1948), for a discussion of the changes in common

---

[3]Section 69 (1986 ed.) states in pertinent part that any city which has accepted St. 1913, c. 807, "shall pay to laborers, workmen, mechanics, and nurses employed by it who receive injuries arising out of and in the course of their employment, . . . the compensation provided by this chapter. It further states that "[a]ny . . . city . . . which accepts this section may provide for payment of compensation of certain or all of its employees by insurance. . . ."

[4]Section 69 defines these terms to include "all employees" of a city except those specifically enumerated in the Act. No such exception was included for "teachers."

law doctrine effected by the Act. Since the obligation to provide insurance under § 25A is elective with regard to public employers, a city, if it has elected to provide coverage at all, is only obliged to insure against such liability "to the extent of its acceptance" of the Act. *Stoltz's Case*, 325 Mass. 692, 695 (1950).

In 1939, the Legislature amended § 69. See St. 1939, c. 435. That amendment gave those cities and towns which accepted the Act the discretion to determine which employees would be covered within the definition[5] of "laborers, workmen, and mechanics."[6] Although the city of Beverly accepted the Act, it nevertheless declined to include "teachers" within the definition of those occupations (i.e., "workmen," "laborers," and "mechanics") which were covered as part of the city's self-insurance policy. See *Tracy* v. *Cambridge Jr. College*, 364 Mass. 367 (1973). Since this decision was a valid exercise of the city's discretion, the most that can be said is that the "extent" of the city's obligation to insure did not reach "teachers." See *Stoltz's Case, supra*; *Tracy* v. *Cambridge Jr. College, supra*.

As mentioned earlier, the strict liability provisions of § 66 only apply to those employers who should have complied, but failed to comply, with the compulsory insurance mandate of § 25A. *Barrett* v. *Transformer Serv., Inc.*, 374 Mass. at 705. Although the city voluntarily "accepted" the Act, it cannot reasonably be said that it was under a duty to do so. Moreover, by "accepting" the Act and electing to provide insurance for the protection of its employees, the city was only obliged to insure to the extent of its acceptance. Stated differently, the city, having accepted § 69, assumed the obligation to pay compensation only within the prescribed limits of the section. The city's acceptance did not include teachers

---

[5]Statute 1939, c. 435, changed the language of § 69 to read in pertinent part: "The terms laborers, workmen and mechanics, as used in [§§ 68-75] inclusive, . . . shall include other employees . . . of any such . . . city . . . to such extent as . . . such . . . city . . . acting respectively through the . . . city council . . . shall determine, as evidenced by a writing filed with the [industrial accident board]."

[6]"[N]urses" were added by St. 1971, c. 1059.

within the class of covered employees. Consequently, the city cannot be held strictly liable for exercising its discretion not to provide coverage to such employees. Therefore the decision of the trial judge granting summary judgment in the city's favor was not error.[7]

*Judgment affirmed.*

---

[7]We do not consider whether the plaintiff has sustained a compensable injury which might entitle him to bring an action for damages under a negligence theory (see G. L. c. 153). If such an action is feasible, the Superior Court may be in a position to permit the plaintiff to amend his pleadings pursuant to G. L. c. 231, § 51, in order to sustain the action.